## Bentzen v. Zierlein.

1. In pet. and summons, where the pleadings admit the bond sued on, the court will take the date set out in the petition as the true date of the bond, and will calculate interest accordingly.
2. One partner cannot bind another by *deed*, unless specially authorised thereto by deed under seal.

APPEAL from St. Louis circuit court.

Bentzen the appellant was sued in the circuit court by Zierlein the appellee and had judgment against him, to reverse which he has appealed to this court. The action was commenced by petition and summons on an instrument of writing in the German language of which the translation is as follows: "We received to day of Mr. Zierlein on loan the sum of five hundred Spanish dollars and will pay back the same within eight days or on demand, witness hand and seal, Bentzen and Kloppenburg [L. S.]" The defendant pleaded a set off, "that at the time of the commencement of this suit of the said Henry Zierlein against him the said John N. A. Bentzen in this behalf, there was due and owing from the said John N. A. Bentzen and Henry Kloppenburg to the said Henry Zierlein upon the said writing obligatory for the principal and interest in the said writing mentioned, a certain sum of money, to wit, the sum of $500, viz: at the county of St. Louis, and the said John N. A. Bentzen further says, that the said Henry Zierlein and one Bernard Flug-

ge, now deceased, whom he the said Zierlein survived as surviving partner, before and at the time of commencing this suit was and still is indebted to them the said John N. A. Bentzen and Henry Kloppenburg, merchants and partners, trading under the name and style of Bentzen and Kloppenburg, in a much larger sum of money, than the sum due and owing from the said Bentzen and Kloppenburg to the said Henry Zierlein surviving partners as aforesaid upon the said writing obligatory, that is to say, in the sum of six hundred and fourteen dollars, for so much money before that time by the said Bentzen and Kloppenburg paid, laid out and expended to and for the use &c. &c., and which said sum of money so due and owing from the said Henry Zierlein, surviving partner as aforesaid to the said John N. A. Bentzen and Henry Kloppenburg as aforesaid, or as much thereof as shall be necessary in this behalf, he the said John N. A. Bentzen is ready and willing and offers to set off" &c. To this plea the plaintiff replied, denying that said bond was the bond of said Bentzen and Kloppenburg &c., the proof was that Bentzen and Kloppenburg were partners— Bentzen carrying on the business of the firm at St. Louis and Kloppenburg residing in New Orleans; that Bentzen executed the bond to Zierlein at St. Louis, Kloppenburg being at the time in New Orleans; that Kloppenburg had been once in St. Louis many months after the execution of the bond by Bentzen; that Flugge and Zierlein became partners shortly after the bond was executed by Bentzen and contracted a debt as such partners with the firm of Bentzen and Kloppenburg at the store of Bentzen in St. Louis for goods sold &c.; that Flugge and Zierlin dissolved partnership and by an article of agreement drawn up at the time and which was attested by Bentzen as a witness, it was agreed that Flugge who remained in the business and kept the stock should pay all the debts of the concern &c. Upon this state of facts the circuit court sitting as a jury found the bond to be the individual bond of Bentzen and declared the law to be, that the account of Bentzen and Kloppenburg against Flugge and Zierlein could not be set off against the bond, and that interest should be calculated from eight days after the date of the bond as it was alleged, in the plaintiff's petition; a motion for a new trial was made and overruled.

SPALDING, for Appellee.

First point. The bond in question is the individual bond of Bentzen, Collyer on partnership 256, 260, Har-

JUNE TERM 1836.

Dent
v.
Miles.

rison vs. Jackson 7 Term Rep. 213, 1 Holts Nisi Prius cases 141, 11 E. C. L. 251, (5 Barns and Cres 375.) The above authorities show that one partner cannot bind the other by deed, unless specially authorized thereto by instrument under seal, and that a subsequent acknowl-edgment will not cure the defect.

Second point. The instruction of the court as to in-terest is correct: the bond is not dated but the petition alleges a date, a demurrer was sustained to the plea of nil debit, so that there was no plea denying the instru-ment at the trial, of course, by the pleadings it stands admitted as set forth in the petition.

Opinion delivered by WASH J.

Opinion of the court.

It is insisted by the counsel for the appellant that the circuit court erred, 1st. In permitting the agreement be-tween Flugge and Zierlein dissolving their partnership to be read in evidence. 2nd. In calculating interest from eight days after the date set out in the petition; and 3rd. In finding the bond to be the individual bond of Bentzen and refusing a new trial therefor. As to the first error above noticed, it is too late to urge it, the evidence was received without objection, at least the record shews none and it is now too late to object. As to the second error, above noticed the plea of nil debit had been held bad on demurrer and the bond as set out in the petition, stood admitted in the pleadings and the court did right in taking the date as set out in the petition for the true date of the bond. As to the third error above noticed, the law is clearly with the appellee. One partner cannot bind another partner by deed, unless specially authorised to do so by writing under seal, the law has been so held over and often, the judgment of the circuit court is there-fore affirmed with costs.

In peti. and sum-mons, where the pleadings admit the bond sued on, the court will take the date set out in the petition as the true date of the bond, and will calculate interest accordingly. One partner can-not bind another by *deed*, unless specially authoris-ed thereto by deed under seal.