*Doniphan, &c. vs Gill.*

---

## Doniphan and Smoot *vs* Gill.

Assumpsit.

### Appeal from the Mason Circuit.

Case 64.

*Assumpsit.   Partners.   Joint liability.   Merger.*

**Chief Justice Robertson** delivered the Opinion of the Court.

April 22.

George Doniphan and *Josiah G. Smoot*, merchants, trading in the style of "*Doniphan & Smoot*," having, through the partner *Smoot*, borrowed from *Ann Gill* $700, the said *Smoot* thereupon delivered to her a sealed obligation for payment, signed "*Doniphan & Smoot*."

There being no proof of authority to bind *Doniphan* by a seal, he denying any such authority, pleaded *non est factum*, to an action afterwards brought against himself and *Smoot*, on the said obligation; and thereupon that suit was discontinued, and this action of *assumpsit* brought against him and *Smoot*, for the said borrowed

Agreed case and judgment thereon.

DONIPHAN, &c.
vs
GILL.

A partner who has pleaded *non est factum* to a note under seal, executed by a partner, without authority, is thereby estopped when sued in assumpsit with his partner, to rely on the note as merging the original assumpsit.

money. The Circuit Judge, to whom both the law and the facts were submitted, rendered judgment against the defendants for $700 and interest.

That judgment should, in our opinion, be affirmed.

*Doniphan* is estopped, by his plea of *non est factum*, from pretending, in this case, that he is bound by the sealed note, and there being neither proof nor presumption of his being legally liable thereon, neither he nor *Smoot* could now maintain the assumption that a joint action might be sustained against them on that obligation.

The remedy, for enforcing payment, must be joint, unless *Smoot* alone be liable, and his liability cannot be several and sole, unless the bond, as obligatory on himself alone, should be deemed an extinguishment of the antecedent joint *assumpsit*, implied by the borrowing of the money in the name and for the use of the *firm*. Then either *Doniphan* and *Smoot* must be jointly liable, as sued, in *assumpsit*, or *Smoot* alone is legally responsible and must be sueable on the bond only.

The receipt of the note of one of several jointly liable, *may be*, *prima facie*, an extinguishment of a pre-existing joint liability on a contract of inferior dignity.

It is well settled, by adjudged cases, that receiving the individual obligation of one partner may be, *prima facie*, a constructive extinguishment of a pre-existent partnership liability, on a contract of inferior dignity, in consideration of which it was given, because, in the absence of any other fact, the presumption may be, that such a bond was accepted as a satisfaction and not as a collateral security merely.

The execution of a bond under seal by one of several partners, in the name of the firm, (without authority) creates no presumption that the note or bond, (tho' binding on the partner signing,) was received in satisfaction and extinguishment of the joint liability of all the members of the firm—nor will the liability of one or more on the bond, destroy the right of action on the origi-

But this reasonable doctrine does not, in our opinion, apply to the facts of this case. Here the only rational presumption is, that *Mrs. Gill* accepted the bond, not as the single obligation of *Smoot*, but, according to its apparent import, as the joint undertaking of *Doniphan & Smoot*, and upon the credit of *Doniphan* as well as that of *Smoot*. Considering it then, according to its technical effect, as the obligation of *Smoot* alone, it never accepted as a satisfaction of the implied liability of "*Doniphan & Smoot*:" and, unless it had been so accepted, it could not, *per se*, extinguish the joint *assumpsit*, resulting by implication of law, from the joint borrowing.

Nor, if the bond, as obligatory on *Smoot* alone, might be enforced against him as collateral security, could that

circumstance affect the joint liability in *assumpsit.* The fact that *Mrs. Gill* might have either sued *Smoot* alone on the bond, or *Doniphan & Smoot* jointly, in *assumpsit,* can have no other legal effect than that of making the joint judgment against them in this case, operate as a bar to any future action against *Smoot* alone, on the bond or otherwise.

The judgement of the Circuit Court is, therefore, affirmed.

*Hord and W. C. Marshall* for appellants: *McClung and Taylor* for appellee.

nal joint liability.

A joint judgment in assumpit against all those originally bound, will bar any suit on the note of those bound in the bond for same demand.