SETTLE AND BACON v. DAVIDSON AND SAUNDERS.

A bond given by one of several debtors for a debt due by simple contract, is an extinguishment of the simple contract debt, and becomes the sole debt of him who executed the bond.

Appeal from St. Louis Court of Common Pleas.

DARBY AND KNOX for Appellants.

*Opinion of the Court, delivered by Scott, Judge.*

This was an action by petition in debt on a promissory note, commenced by appellees against the appellants. The appellants were partners, and the note was executed in their partnership name. The parties went to trial on an issue to the plea of nil debit, and other issues, and the appellees obtained judgment, from which this appeal is taken.

SEPT. TERM, 1842.

Settle & Bacon
v.
Davidson and Saunders.

It appears from the evidence preserved in the bill of exceptions, that after the execution of the note sued on, an account was opened between the appellees and Thos. G. Settle, one of the appellants. And the note sued on was charged in the account as one of the items thereof, and the account was liquidated by a bond of the said Settle.

On this state of facts the question arises whether the acceptance of the bond of Settle, one of the partners, was an extinguishment of the simple contract debt on which suit was brought.

It is manifest that the bond was obligatory upon the partner who executed it, and extinguished the simple contract as to them. It is like the case of a release, which if given to one joint debtor, discharges both. A bond given for a simple contract debt operates as a release of that debt, and makes another of a superior dignity, which is binding only on him who executed it. In the case of Tom v. Goodrich, 2 J. R., 214, one of five partners executed a bond for duties due the United States on the importation of goods, and it was held that all contracts and liabilities in relation to the duties were extinguished by the bond which the partner had executed. So in the case of Clement v. Brush, 3 John. Cases, 180, one partner executed a bond for a partnership debt, and the creditor afterwards executed a release to the other partner of all claims and demands against the firm, it was held the bond was an extinguishment of the prior simple contract debt, and was the sole liability of the partner who had executed it, and was not therefore affected by the release given to the other partner of all partnership demands. The principle of these decisions is sanctioned by Judge Washington, in the case of the United States v. Astley. 3 Wash. C. C. R., 508.

It is clear that the bond was accepted by the appellees : the bill of exceptions shows that suit was brought on it by them, and a judgment recovered ; nor is there any room to doubt but that the defence set up by the appellants was available under the plea of nil debet, for it is

*A bond given by one of several debtors for a debt due by simple contract, is an extinguishment of the simple contract debt, and becomes the sole debt of him who executed the bond.*

settled that under that plea, any defence, but a set-off or the statute of limitations, may be. admitted in evidence. Chitty, 517.

Judgment reversed.