GWINN, Defendant in Error, v. ROOKER, Plaintiff in Error.

1. A bond executed by a partner, though executed in the name of the partnership and for a partnership debt, will not bind his co-partner. Such co-partner may however assent to the execution of such bond previously to its execution, or may ratify and adopt it afterwards; such assent or ratification and adoption may be by parol.

*Error to Howard Circuit Court.*

Allen Gwinn seeks in the present proceeding to recover of Rooker the amount paid by him as security upon certain sealed notes, executed in the name of the firm of H. Gwinn & Co.,

which firm was composed of said Rooker and H. Gwinn. These sealed notes or bonds were executed by H. Gwinn, in the name of the firm, for a partnership debt. A. Gwinn signed these bonds as security. There was evidence tending to show the assent of Rooker to their execution, and of his ratification and adoption of the same. The facts sufficiently appear in the opinion of the court.

*Davis*, for plaintiff in error.

I. The bonds were no evidence from which the jury could find that Allen Gwinn was the security of Rooker. (See 1 American Lea. Cas. 447; 2 B. Mon. 244; Fletcher v. Vanzant, 1 Mo. 139.)

II. The record shows clearly that the partnership was dissolved two years before the execution of the bonds offered in evidence. (Sto. on Part. § 280.) After a dissolution, one partner can not even renew an outstanding note of the firm in the name of the firm. (Lany v. Story, 10 Mo. 636.)

*Gardenhire*, for defendant in error.

I. The general principle that a partner can not enter into agreements under seal, has received this important qualification, that where a seal is not essential to the nature of the contract, and will not change the liability, the addition of a seal will not vitiate it; and where an act is done which one partner may do without deed, it is not less effectual that it is done by deed. (1 Amer. Lead. Cases, 297, note; 4 McCord, 519, 537; 5 Watts, 22; 4 Mason, 207, 231; 6 Watt & Serg. 301, 311; 5 Hill's Rep. 163; 1 Metc. 515; 7 id. 244, 248; 8 Leigh, 416; 6 Grattan, 197; 2 Stewart, 280.)

II. A partner may bind his co-partner by an agreement under seal in the name of the firm, provided the copartner assent to the contract previously to its execution, or afterwards ratifies and adopts it, and this assent and adoption may be by parol, and may be implied from the conduct of the other partner.

SCOTT, Judge, delivered the opinion of the court.

The pleadings in this case do not raise the question how far a court of equity will go in giving relief in the case of a bond executed by one partner in the name of the firm for a partnership debt, on the ground that both parties were under a mistake as to the legal effect of the execution of the bond and its operation to discharge all but the individual partner who sealed it. The cases of Sale v. Dishman's Exec'r, 3 Leigh, 544, and McNaughton v. Partridge, 11 Ohio, 226, maintain that courts of equity will grant relief under such circumstances. Somewhat analagous is the case of Hunt v. Rousmanier, 8 Wheat. 211, where an instrument was reformed, so as to carry into effect the intention of the parties, on the ground of a "mistake in fact arising from the ignorance of the draftsman."

Under our law, where seals are made by a mere scrawl, the rule that a partner can not bind the firm by a sealed instrument, executed in the partnership name, is productive of no advantage, and frequently leads to great injustice. In practice, it always operates against the intent of the parties, and the misstep is scarcely ever discovered until the instrument is about to be put in suit. The inconvenience has been felt, and has produced a relaxation of the rigor of the ancient rule, which maintained that one partner could not bind the other by deed unless specially authorized thereto by instrument under seal, and that a subsequent acknowledgment would not cure the defect. It being now settled, says a modern author, after a thorough investigation of the cases, that a partner may bind his co-partner by an agreement under seal in the name of the firm, provided the copartner assents to the contract previously to its execution, or afterwards ratifies and adopts; and this assent or adoption may be by parol, and that it need not be express or special, but may be implied from the conduct of the other partner, or the course of dealing by the firm. (Amer. Lead. Cas. vol. 1, p. 297.) Judge Story, speaking on the same subject, says, "that the American courts have in this view strong-

ly inclined to repudiate it in all cases where an express or implied authority or confirmation could be justly established, not under seal, whether it be verbal or in writing, or circumstantial." (Story on Part. § 121.) The case of Bentzen v. Zierlein, 4 Mo. 417, decides nothing more than that a bond, executed by one member of a firm, is the deed of him only who executes it. Indeed it has been held in some of the states that, as a bond is not an extinguishment of a simple contract, unless, where it is so intended, a sealed instrnment made to secure a simple contract debt by one partner in the partnership name, will not discharge the firm, because it is apparent on the face of the instrument that it was not intended to accept the liability of a single partner in lieu of the firm, and consequently that the firm may be sued upon the original simple contract. (1 B. Mon. 199 ; 12 N. H. 235 ; Amer. Lead. Cases, 1 vol. 298.) This doctrine, however, is supposed to be founded on a misconception of the extent to which intention can affect the principle of extinguishment. (Ib.)

The court properly refused the second instruction asked by the plaintiff, Rooker, in relation to the acts which caused a dissolution of the partnership. Story, in his work on Partnership, § 325, says, " notwithstanding the dissolution of the partnership, there still remain certain rights, duties, powers, authorities and relations between them, which the law recognizes and supports because they are or may be indispensable to the complete arrangement and final settlement of the affairs of the partnership ; and therefore, in a qualified and limited sense, the partnership may be said, for those purposes, to continue between the parties until such arrangement and settlement take place." If, notwithstanding the dissolution of the partnership, some of the duties and powers of a partner remain to him as such in winding up its concerns, it was competent for Rooker to recognize and adopt the acts of Harrison Gwinn, performed in the settlement of the business of the firm. This seems to be the view taken by the court, resting our opinion on the first instruction given for the defendant, A. Gwinn. It was not con-

troverted that, if the partnership liability was unextinguished, and that if it was satisfied by A. Gwinn, he not being reimbursed, but that he was entitled to recover the amount paid by him from the plaintiff, Rooker. It is not material as to whom the agent of Fassett looked in taking security for his debt ; but the question is, to whom did A. Gwinn look in becoming security ? If he looked to the firm for indemnity, and the act of H. Gwinn was ratified or adopted by his partner Rooker, then it is clear that A. Gwinn should be indemnified by the firm.

If the case had rested on the part of A. Gwinn, the defendant, after the first instruction given at his instance, as the fact of the ratification of H. Gwinn's act by Rooker was fairly put to the jury, there would have been no difficulty in affirming the judgment. There is ample authority to warrant it when placed on that ground. But we are at a loss to conceive the ground on which the 4th instruction given for A. Gwinn is based. That instruction directs the jury that, " although the partners may have sold out their goods at Bluffport, and moved away before the execution of the notes under seal, signed by Allen Gwinn, yet if there was, in fact, no dissolution of the partnership, Harrison Gwinn had the right to bind his partner by the execution of the notes under seal signed by Allen Gwinn for the purpose of securing a debt due from the partnership." This instruction could not have been intended to convey the idea that a member of a firm, by a bond executed in the name of the firm, can bind the firm by such an instrument. If it did, it was clearly against the law. Could it have been founded in the conception that the fact of the ratification of H. Gwinn's act by Rooker was so well established that the evidence of it might be taken from the jury, and it assumed as true by the court ? If so, it was manifestly erroneous. Or was it conceived in accordance with the view of some courts, to which allusion has been made, that, as it was apparent on the face of the bonds that it was intended that the partnership should still be bound, the act of one partner did not extinguish the liability of the firm, and consequently the partners might

have been sued on their original simple contract ? If such was the object of the instruction, it has no support in the doctrine to which reference has been made. That doctrine stands on the principle that one partner, by a sealed instrument, can not bind the firm ; that it is only the deed of him who executes it, though signed in the partnership name. Whether the party would have any remedy, according to the view just above stated, or whether, by proper averments in his answer, he would be entitled to any equitable relief, as some have thought, as is shown above, we will not now determine, as we do not deem it necessary, and as but two judges sit in this cause.

It can not have escaped observation that the present case is unlike that of Settle & Bacon v. Davidson, 7 Mo. 604. If the bonds purporting to have been executed by Harrison Gwinn & Co. had been signed by Harrison Gwinn in his own name alone, the cases would have been parallel. We consider the cases to be different, and as standing on different considerations.

Judge Ryland concurring, the judgment will be reversed, and the cause remanded ; Judge Leonard not sitting.