## Carter v. Jordon, et al.

(Decided May 27, 1913.)

Appeal from Hickman Circuit Court.

Estoppel—Claim in Judicial Proceedings—Matters Concluded.—A party who has, with knowledge of the facts and without fault of the adverse party, assumed and successfully maintained a particular position or claim in judicial proceedings, is estopped to take a conflicting position or to make an inconsistent claim, to the prejudice of the adverse party, in subsequent judicial proceedings where the parties and issues are, the same.

R. L. SMITH, H. F. TURNER for appellant.

BENNETT, ROBBINS & THOMAS for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

M. S. Carter instituted his equitable action in the Hickman Circuit Court against A. P. Mills, L. M. Mills, C. A. Mills, F. E. Jordon and F. C. Whayne, in which he sought to recover judgment against the Mills brothers for $200, on a promissory note, and to foreclose a chattel mortgage on a saw mill to pay same. He alleged that Jordon and Whayne were claiming an interest in the saw mill property, and asked that they be required to set up and assert their interest.

The Mills brothers made no defense. Jordon and Whayne answered and pleaded that they were the owners of the saw mill property which plaintiff was seeking to have sold, having purchased same at execution sale. They denied that plaintiff had a lien upon said property for $200 or any other sum; and alleged that his debt against the Mills brothers had been paid off and satisfied; and pleaded further that, in a litigation between themselves and Mills brothers, in the Hickman Quarterly Court, plaintiff had testified that his debt, which was secured by a lien upon the saw mill property, had been paid off and satisfied, and relying upon his said statement, they had purchased same; and that by reason of his conduct and statement, he was estopped from asserting a lien upon said saw mill to their prejudice.

Upon this issue, the case was prepared for trial, and, upon consideration, the chancellor was of opinion that the plea of estoppel was well taken, and he dismissed the plaintiff's petition in so far as it sought to subject the

saw mill property to the satisfaction of his debt. Plaintiff appeals.

The evidence shows that Jordon and Whayne had sued out an attachment against the Mills brothers in the Hickman Quarterly Court and caused it to be levied upon a lot of lumber, which had been sawed by the Mills brothers and was stacked up on the river bank preparatory for shipment. Appellant, claiming to have purchased this lumber, interpleaded in that action, and during the trial, which was conducted before the county judge, a jury being waived, he testified, as appellees say, that he bought this lumber from the Mills brothers, the consideration being the surrender to them by him of an open account of some $40 or $50 and his mortgage debt. Appellant states that in that action he testified that the contract was that he was to surrender to the Mills brothers his open account, amounting to $40 or $50 and that any balance received by him out of the lumber should be credited upon his mortgage debt. The decided weight of the evidence supports appellees and justified the chancellor in finding that in the trial in the quarterly court, appellant testified that the mortgage debt was satisfied in the purchase of this lumber. The evidence is clear that thereafter appellees caused the mill machinery to be sold in satisfaction of the balance of their debt, for which they had recovered a judgment in the quarterly court, which remained unsatisfied, and that at said sale they bought the mill for $100.

On this state of facts, was the chancellor justified in holding that appellant was estopped, in the foreclosure suit, to assert that the mortgage debt had not been satisfied? In 16 Cyc., 796, the author thus states the rule:

"A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings is estopped to assume a position inconsistent therewith to the prejudice of the adverse party. It is necessary, however, that the claim or position previously asserted or taken should have been successfully maintained; that it should be actually inconsistent with the position presently taken, and that it should not have been taken through the fault of the adverse party."

Applying this principle, which is supported by ample authority, to the facts in the case at bar, we find that in the suit in the quarterly court, appellant, in order to support his claim of ownership to the lumber, alleged that he had bought it and that the consideration for same was,

in part, the surrender of his claim secured by mortgage. That position is diametrically opposed to the position which he took in the case at bar, and appellees were, in no wise, responsible for his having taken such a position in the quarterly court. Again, in 16 Cyc., 799, the author states:

"A claim made or position taken in a former action or judicial proceeding will estop the party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party, where the parties are the same, and the same questions are involved. Thus a party who has successfully interposed a defense or objection in one action or proceeding cannot shift his ground and take a position in another action or proceeding which is so inconsistent with his former defense or objection as necessarily to disprove its truth."

To the same effect are Doniphan v. Gill, 1 B. Mon., 199, and Lawrence v. Lawrence, 145 Ky., 61.

This principle applies with peculiar force to the case at bar. Appellant showed, in the suit in the quarterly court, that he had bought and paid for this lumber by cancelling his note which was secured by mortgage, and having succeeded in that litigation in relieving, to some extent at least, the lumber from the lien created by the attachment, he cannot now be heard to say, to the prejudice of appellees, that the lien was not extinguished. To so hold would permit him to perpetrate a fraud upon appellees. If the testimony of the Mills brothers is to be believed, this mortgage debt was not, in fact, satisfied by a sale of lumber, which was under attachment, but that is not the question to be determined here. It is immaterial whether the mortgage was in fact satisfied or not. The question is: May appellant, after having testified in that case that the mortgage was satisfied and in that way relieve the lumber in question from the burden of the attachment, now in another suit between the same parties, in utter disregard of his former testimony, be heard to say that the mortgage debt was not satisfied? We think not, and the chancellor correctly so held.

Judgment affirmed.