CASE 38.—CONSOLIDATED CROSS ACTION BY ED. DOYLE, A
DEFENDANT IN SEVERAL ACTIONS, AGAINST OF-
FUTT & BLACKBURN.—October 29, 1909.

## Doyle v. Offutt & Blackburn

Appeal from Scott Circuit Court.

R. L. Stout, Circuit Judge.

From the judgment the defendants appeal.—Re-
versed.

1. Appeal and Error—Consolidation of Actions—Discretion of
Trial Court—Review.—The action of the court in directing
that an original cause of action and a cause of action pre-
sented by cross-petition shall be heard together by the same
jury will not be disturbed unless it appears that, in the ex-
ercise of a sound discretion, the court should have ordered
separate trials before separate juries.

2. Jury—Competency of Jurors—Prior Service—Similar Cause
—In actions by buyers of seed wheat based on the seller's
warranty that the wheat was good, and the fact that it did
not germinate, the seller made his pleading a cross-petition
against a warehouseman alleging that he had stored the
wheat in the latter's warehouse, and that the latter violated
his agreement. Some of the actions by the buyers were tried
before juries without the issues made by the cross-petition be-
ing heard. Thereafter the actions on the cross-petitions were
consolidated, and were called for trial at the same term or
court. Held, that the refusal of the court to continue the
consolidated action or to impanel a new jury to try it on
the ground that the jurors on the regular panel had served
in trying the issues in the original actions was proper; the
actions being entirely different, though in relation to the
same subject matter.

3. Evidence—Parol Evidence—Receipts—Contracts.—A receipt
issued by a warehouseman stating the receipt of a speci-
fied quantity of wheat for delivery on the presentation of the
receipt properly indorsed and the payment of the charges,
and which provides that the wheat is held for the owner at

Doyle v. Offutt & Blackburn.

his risk as to fire or depreciation, that the grain may be mixed with grain of like quality and may be delivered from any bin containing like quality of grain, is more than a receipt, and is a contract fixing the rights of the parties, and parol evidence is admissible to vary its terms, in the absence of fraud or mistake, though a receipt may be contradicted by parol evidence without any averment of fraud or mistake.

4.  Trial—Instructions—Evidence.—Where a written contract be-tween the parties to an action is set up or relied on in the pleadings or is introduced in the evidence, the court should instruct on the writing, and, though there is evidence of mistake or fraud or want of consideration, the court should charge that the writing is the contract unless the jury believe that it was not executed, or that it was without consideration, or was procured by fraud or mistake.

5.  Evidence—Parol—Admissibility.—Where there is a denial of the execution of a written contract relied on or an averment of want of consideration or of fraud or that by mutual mistake it does not contain the contract, parol evidence is admissible.

6.  Trial—Instructions—Pointing Out Particular Evidence.—The rule that it is not proper to point out particular evidence in an instruction or to give undue prominence to any fact applies to parol evidence, and not to written evidence of a contract.

B. M. LEE, attorney for appellants.

## CITATIONS.

1.  The court should have continued the case or empaneled a new jury. Taylor, &c, v. Combs, 20 Ky. Law Rep., 1828; Herndon v. Bradshaw, 4 Bibb., 45; McKinley v. Smith Hard., 167; Pierce v. Bush, 3 Bibb., 347; Fitzpatrick v. Haris, 16 B. Mon. 564.

2.  The court should have instructed the jury that if they believed that defendants only agreed to deliver No. 2 wheat and that plaintiff inspected and accepted as No. 2 wheat that offered by defendants they ought to find for defendants. Jones v. McEwan, 11 Rep., 138; Overman v. Nelson, 15 Rep., 92; Munford & Co. v. Kevil & Sons, 22 Rep. 730; 109 Ky., 246:

BRADLEY & BRADLEY for appellee.

We submit that in all cases where acceptance of an article has been held to bar recovery for a defect the defect was one discoverable by the inspection. This must necessarily be so for certainly the law is not so unjust as to estop a man because or

Doyle v. Offutt & Blackburn.

the use of a right which could do him no good in the particular case.

So granting that the Court should have given any instruction on this point the instruction would certainly not be more than that the acceptance of the wheat by appellee barred him from recovery if he discovered the defect by an inspection or could have discovered it.  The cases, which hold he is barred are limited to this doctrine.

### AUTHORITIES CITED.

1.  The court properly refused to discharge the panel which had tried the original issue.  Smith v. Commonwealth, 100 Ky., 133; Fowler v. Commonwealth, 7 Ky. Law Rep,. 529.

2.  The Court properly instructed the jury as to the liability of appellants.  Pepper's Adm'x v. Harper, 20 Ky. Law Rep., 837; Read v. Langford, 26 Ky. Law Rep. 420; Continental Life Ins. Co. v. Randolph, 3 Ky. Law Rep., 188; Roundtree v. Glatt, 13 Ky. Law Rep., 462; Pierce v. Brown, 12 Ky. Law Rep., 292; Anderson v. Baird, 19 Ky. Law Rep., 444.

3.  The Court properly refused to instruct that the appellee was barred by his acceptance of the wheat.   W. F. Main & Co. v. Fielder, 144 N. C., 307; Glucose Sugar Refining Co. v. The Coffee & Baking Powder Co., 81 N. E., 589; Krunman v. Roush Produce Co., 59 S. E., 320; North Baltimore Bottle Glass Co. v. Alpeter, 113 N. W., 435; Heath Dry Gas Co. v. Hurd, 108 N. Y S., 410.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellants are seed warehousemen, and in July, 1907, the appellee Doyle stored in their warehouse some 600 bushels of wheat.  In the fall of the same year the appellee sold this wheat to a number of farmers, who wanted it for seeding purposes.  The farmers to whom the wheat was sold sowed it, and it failed to germinate.  Thereupon the farmers brought suits against appellee for damages, and each of them recovered judgment against him for the price paid for the wheat.  The suits of the farmers were based on the ground that the wheat was bought to be used

as seed wheat, and for no other purpose, and that appellee warranted it to be good seed wheat.

In his answer to these various suits, which was in substance a traverse, appellee made his pleading a cross-petition against appellants, averring in the cross-petition: That, when he stored the wheat in the elevator of appellants, he informed them that it was to be sold as seed wheat, and they agreed to store the same in a separate bin or elevator and deliver to him, or the persons to whom he might sell, the identical wheat stored, and also to deliver No. 2 wheat. That in violation of their agreement appellants failed to keep the wheat in a separate bin or elevator and mixed it with other wheat, allowing it to become overheated, and also that they failed to deliver to him No. 2 wheat.

. He also averred that by mistake appellants issued to him the following receipt: "Received in store from Ed. Doyle, 601 bushels of wheat, grade No. 2, which we will deliver to Ed. Doyle, or order, upon presentation of this receipt properly indorsed, on payment of charges. This property is held for the owner in store at his risk as to fire or depreciation from any cause. This grain may be mixed with grain of like quality, and may be delivered from any bin containing like quality of grain." And that, when he learned the contents of the receipt, he notified them that a mistake had been made in its issual, and they told him to keep the receipt, and they would store his wheat in a separate bin or elevator. He asked judgment against them for the amount of any judgment that might be obtained against him by the farmers who had sued him. To this cross-petition the appellants filed an answer denying all its material allega-

tions, but they did not set up or rely on the receipt as containing the contract between them.

It appears from the record that three of the suits filed by the farmers against appellee were tried before juries without the issues made by the cross-petition being heard or disposed of, and that after verdicts had been returned in favor of the farmers in these cases the actions of appellee against appellants on his cross-petition in the cases in which the farmers had obtained judgments were by consent consolidated and called for trial at the same term of the court at which the farmers who sued appellee had obtained judgments against him.  When the consolidated actions on the cross-petition were called for trial, the appellants moved the court to continue the case or impanel a new jury to try the issues upon the ground that the jurors upon the regular panel had served in trying the issues on the original petition between the farmers and appellee.  The court overruled the motion, and the record shows that the panel of jurors who tried the case on the cross-petitions of appellee against appellants was composed, with one exception, of the same persons who sat as jurors in the cases of the farmers against the appellee.  We are asked to reverse the verdict in favor of appellee for the alleged error of the court in refusing to continue the case or select new jurors before whom it might be tried, and for error in giving and refusing instructions.

Although the record does not contain the evidence heard in the cases of the farmers against Doyle, it is entirely probable, and we so assume, that in those cases the juries heard a good deal about the suits pending on the cross-petition of Doyle against Offutt & Blackburn and possibly they formed some opinion

as to the merits of the case pending between Doyle
and Offutt & Blackburn. The issues in the two cases,
however, were very different. In the suits between
the farmers and Doyle there were really only two
questions in dispute: One, whether the wheat was
bought for and represented to be good seed wheat,
the other whether or not it germinated; whereas, in
the suit between Doyle and Offutt & Blackburn, the
issues were first whether or not Offutt & Blackburn
agreed to keep the wheat in a separate bin, or so
that it would not become heated; and, second, wheth-
er or not they committed a breach of this agreement
in putting it in bins with other wheat and permitting
it to become overheated, and in failing to deliver No.
2 wheat.

But without respect to the similarity or difference
in the facts in the cases between the farmers and
Doyle, and those between Doyle and Offut & Black-
burn, it is a sufficient answer to the argument of
counsel to say that the court in its discretion might
have directed the actions of Doyle against Offutt &
Blackburn to be tried with the suits of the farmers
against Doyle. Doyle's cause of action against Offut
& Blackburn was affected by and grew out of the
original cause of action against him. If his contention
was true, the suits of the farmers against him were
caused by the negligence, or breach of contract on
the part of Offutt & Blackburn. If the court had
directed the original cause of action, and the cause
of action arising on the cross-petition to be heard at
the same time before the same jury, the jurors in
place of hearing both cases at different times would
have heard both of them together, and it is plain that
the effect on their minds would be precisely the same.
If the facts they heard in the cases of the farmers

against Doyle operated to prejudice them in any way against Offutt & Blackburn, it would have affected them the same way if the cases had been heard together.  And so we are unable to perceive how Offutt & Blackburn were prejudiced by the ruling of the court.

It is quite common practice for the trial court to order an original cause of action and a cause of action presented by cross-petition to be heard together by the same jury; and, although this practice may sometimes operate to the disadvantage of one of the litigants, it will not be ground for reversal unless it is made to appear that in the exercise of a sound discretion the trial court should have ordered separate trials and before jurors who did not sit in the first trial.  It is, of course, of the highest importance that jurors who are called upon to decide issues of fact should be free from bias or prejudice for or against either of the parties to the litigation, and that their minds should be in such condition as to receive, free from former opinions or impressions, the evidence introduced in support of the respective contentions of the parties.  But this much-desired end cannot in all cases be obtained; and in trials where cross-petitions are allowable, and the court in the exercise of a sound discretion   directs the issues on the original and cross-petition to be heard together, the jurors necessarily hear evidence in one branch of the case that may have a tendency to influence their judgment upon the other.

We may further add that, if a new jury had been impaneled, they would necessarily have learned all about the suits of the farmers in the trial of the case between Doyle and  Offutt & Blackburn.   Doyle's cause of action against Offutt & Blackburn was rest-

ed solely on the ground that he was obliged to pay damages to the farmers who sued him. And so, in the trial of his case against Offutt & Blackburn, the facts as to his loss and how it occurred and everything relating thereto would necessarily be brought to the attention of the jury.

Counsel for appellant requested the court to give an instruction saying, in substance, that the warehouse receipt was the written evidence of the contract between the parties, and the law presumed that it expressed the true agreement, and the jury should so find, unless they believed that the contract between the parties was that the wheat should be stored in a separate bin and kept as seed wheat, and that by mutual mistake this part of the agreement was omitted from the receipt. But the court refused to give this or any instruction based on the receipt. Offutt & Blackburn introduced evidence showing that the receipt contained the only contract they had with Doyle, while the evidence for Doyle tended to show that the receipt did not contain the contract, and that this fact was known to and in effect acknowledged by Offutt & Blackburn. There was also evidence conducing to show that Offut & Blackburn did not properly handle the wheat or deliver No. 2 wheat. The execution and delivery of the receipt was admitted; the only contention of Doyle being that it did not fully express the contract. In the absence of mutual mistake as to its contents, the receipt was the contract between the parties. It not only acknowledged the receipt of the wheat, but contained an agreement upon the part of Offutt & Blackburn to deliver it. Although called a warehouse receipt, it was more than an ordinary receipt, and must be treated as a

contract fixing the right of the parties as to the mat-
ters it related to.

When there is a written contract between the par-
ties engaged in litigation, and the contract is set up
or relied on in the pleadings, or is introduced in evi-
dence, the court should give an instruction based on
the writing. A writing is the best evidence of what
the parties agreed to do; and, when its execution is ad-
mitted, in the absence of fraud, want of considera-
tion or mistake, their rights must be settled accord-
ing to its terms. Where there is a denial of the ex-
ecution of a paper, or an averment that it was obtain-
ed by fraud, or that by mutual mistake it does not
contain the contract, or a want of consideration is
pleaded, it is proper to admit oral evidence to sus-
tain the pleas. But this does not change the rule that
the court should instruct the jury that the writing
is the contract, and they should so find, if it was exe-
cuted, unless they believe from the evidence that it
was executed without consideration or by fraud or
mistake as the case may be. A writing like this does
not stand on the same footing as parol evidence.

It has been ruled time and time again that it is
not proper to point out particular evidence in an in-
struction, or to give undue prominence to any fact;
but this practice applies to parol evidence, and not
to written evidence of a contract. If in the trial of an
ejectment case the plaintiff introduces deeds and
records showing that he has a good paper title, the
court should instruct the jury that the record evi-
dence invests the plaintiff with a good title and they
should so find, unless they believe it is avoided by
some defense set up by the defendant that is sup-
ported by the evidence. And so in a suit on a promis-
sory note, judgment, or other record, the law gives

Doyle v. Offutt & Blackburn.

high regard to written contracts, and, when engagements or undertakings are reduced to writing, the legal presumption is that they express the true agreement between the parties.

It should, however, be noted that the rule stated with reference to written contracts, deeds, and records does not apply to an ordinary receipt acknowledging the payment of money or other thing, or to the recital in an instrument of the amount of the consideration paid or received. A receipt is only prima facie evidence of the truth of what it contains. It may be assailed and contradicted by parol evidence without any averment of fraud or mistake in its execution or delivery. The distinction in this particular between deeds, contracts, and other agreements and receipts is well pointed out in Gully v. Grubbs, 1 J. J. Marsh. 387, where, in discussing this question, the court said: ''Wherever a right is vested or created or extinguished by contract or otherwise, and writing is employed for that purpose, parol testimony is inadmissible to alter or contradict the legal and common-sense construction of the instrument. But that any writing which neither by contract, the operation of law, nor otherwise, vests or passes, or extinguishes any right, but is only used as evidence of a fact, and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances or facts. Thus a will, a deed, or a covenant in writing, so far as they transfer or are intended to be evidences of rights cannot be contradicted or opposed in their legal construction by facts 'aliundi.' But receipts or other writings, which only acknowledge the existance of a simple fact, such as the payment of money for example, may be sus-

ceptible of explanation and liable to contradiction by witnesses.'' This principle has been approved in Caldwell v. Hardin, 3 T. B. Mon. 349; Peddicord v. Hill, 4 T. B. Mon. 370; Gordon v. Gordon, 1 Metc. 285; and many other cases.

If, therefore, the contract did express the agreement between the parties, Doyle was not entitled to recover unless Offutt & Blackburn failed to deliver to him No. 2 wheat, or were guilty of negligence in storing or handling the wheat. On another trial of the case the court will, in addition to the other instructions given, in substance, instruct the jury that the receipt was the contract between the parties unless by mutual mistake it failed to express the true agreement between them, and the jury should find for Offutt & Blackburn if they delivered to Doyle No. 2 wheat and were free from negligence in storing or handling it. There should also be incorporated in instruction No. 1 the idea that the receipt controlled, unless there was a mistake in it.

Wherefore the judgment is reversed with directions for a new trial in conformity with this opinion.