## Lunsford v. Hatfield Coal Company.

(Decided October 8, 1915.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Damages—Action for Damages for Assault and Battery—Instructions.—In an action for assault where the issue was whether the defendant used more force in ejecting an intruder from his place of business than was necessary, the instruction should have said to the jury that he had a right to use such force as was reasonably necessary under the circumstances to accomplish the eviction, and not merely such force as was necessary. It is not proper to impose upon the defendant the unreasonable necessity of measuring with accuracy the exact force which might be necessary.

2. Trial.—A party desiring to get the benefit of an occurrence upon a trial must at the time enter some motion looking to that end, and may not take his chances upon the effect of such occurrence and after the jury had returned a verdict against him for the first time make it in his motion for a new trial.

3. Damages—Loss of Time.—Damages for the loss of time are special damages and must be specially pleaded.

B. F. GRAZIANI for appellant.

M. H. McLEAN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

The appellant sued the appellee Coal Company for damages resulting from personal injuries inflicted upon him, as alleged, by H. C. Hatfield, one of the officers of

the appellee Coal Company, alleging that said Hatfield struck, beat and shoved him against a door. of the office of said Coal Company as the result of which he suffered injury and great physical pain.

The answer in addition to traversing the allegations of the petition, set up the defense in a separate paragraph that upon the occasion in question while the plaintiff was employed by the defendant company as a driver of a coal cart the plaintiff was directed by said Hatfield, superintendent of defendant company, to perform certain services in hauling coke for defendant, but that the plaintiff refused to perform such services and was thereupon discharged; that he then demanded pay for his past services, and upon being requested to wait until the regular pay day, which was the next day, without cause or excuse came into the office of the defendant company and used abusive language to said H. C. Hatfield, when he was directed to cease the use of such language and requested to get out of the office, which requests he refused, and defied Hatfield to eject him, and that the said Hatfield to prevent further use of abusive language, laid his hand against the shoulder of said plaintiff and pushed him out of the office, but using no more force than was necessary to eject him.

The affirmative allegations in the answer are denied in the reply.

Upon the first trial of the case there was a hung jury; upon the second trial, the first of December, 1908, a verdict for $450 was returned in favor of the plaintiff, but upon a motion for a new trial this verdict was set aside and a new trial granted upon the ground as shown in the order of the court that an instruction authorizing the recovery of punitive damages had been erroneously given. On the third trial there was a verdict for the defendant, but upon a motion for a new trial it was granted because of the supposed error by the trial court in placing the burden of proof upon the defendant. Upon the fourth trial there was another verdict for the defendant, and the plaintiff's motion for a new trial having been overruled, he appeals.

Appellant's first contention is that his motion made at the end of the last trial to substitute the verdict of December 1st, 1908, for the verdict of the jury in the last trial and that judgment thereon be entered, should have been sustained. This motion is based upon the conten-

tion that the instruction on punitive damages was properly given upon the trial on the first of December, 1908, and as the only reason given by the court for granting a new trial was an erroneous reason, that verdict should have been entered and been made the basis of the court's judgment instead of the last verdict.

But the appellee insists that even though the court erred in granting the new trial because of its alleged error in giving the punitive damage instruction, yet the new trial was properly granted for another reason given in its motion and grounds, viz.: That the instructions were otherwise erroneous and prejudicial to appellee.

Upon that trial the court gave the following instruction:

"If the jury believe from all the evidence that the defendant, through its officer, agent and manager, H. C. Hatfield, assaulted, shoved, pushed, or struck the plaintiff, at the time and place described in the proof, they shall find a verdict for the plaintiff. Unless the jury believed from all the evidence that H. C. Hatfield did request the plaintiff to leave the office of the defendant company, and the plaintiff failed or refused to quit said office and the said Hatfield, in order to evict the plaintiff, used only such force as was necessary to evict the plaintiff, in which event the jury should find for the defendant."

The criticism which appellee makes of this instruction is that it limited Hatfield to the use of only such force as was necessary to evict appellant from the office, whereas it should have authorized him to employ such force as was reasonably necessary or as appeared to him under all the circumstances to be reasonably necessary to eject him, and it offered an instruction upon that trial embracing this idea.

As we have concluded that appellee's contention is sound upon this point it is unnecessary to determine whether or not the new trial was properly granted on the other ground; for although the court gave the wrong reason for granting the new trial if it was properly granted for another reason, not given by the court, its action will be upheld.

The use of the force *necessary* to evict and the use of such force as may be *reasonably necessary* to evict plainly imposes upon the party a different degree of duty and particularly in its practicable application. To say

that one may use only such force as is necessary limits him to the use of that precise degree of force only which may be necessary to accomplish the eviction, and he must at his hazard use no more; but to say that he may use such force as may be reasonably necessary is not to impose upon him the unreasonable necessity of measuring with exact accuracy the force which may be used.

This distinction has clearly been pointed out in many of the cases and is well recognized in the text books: Cyc., vol. 3, 1071, states the rule thus:

''It is the undoubted right of a lawful owner, or one claiming title and rightfully in possession, or of an occupant of premises, to retain possession and to use such force as may be reasonably necessary to remove therefrom trespassers or intruders, or persons, originally on the premises by license or permission, who subsequently create a disturbance, or conduct themselves in an improper manner and refuse to desist or leave on request.'' See also Kiff v. Youmans, 86 N. Y., 324; Canfield v. Ry. Co., 59 Mo. App., 355; Illinois Steel Co. v. Waznius, 101 Ill. Apps., 535; Woodman v. Howell, 45 Ill., 367; Stone v. Lahey, 133 Mass., 426; Hamilton v. Arnold, 116 Mich., 684.

It is apparent from these authorities that the instruction quoted above, given on the trial of December 1st, 1908, was erroneous, and that the new trial granted should have been granted for that reason.

During the last trial while the attorney for appellant was arguing the case he was interrupted by one of the officers of appellee company, who denounced him in open court, and used some very vile and abusive language, and it is argued by appellant that this was prejudicial to its rights, and that it should for that reason have been granted a new trial. It is sufficient to say in response to this that at the time of the occurrence no motion was made upon behalf of appellant to continue the case on this account, and for the first time in his motion and grounds for a new trial this question is made. Whatever may have been the effect of this occurrence, if any, upon the verdict, it was the duty of the party desiring to get the benefit of it to make the question at the time and not wait until a verdict was rendered against him and then make it. A party may not take his chances upon the effect of such an occurrence during a trial, and thereafter when the jury has returned a verdict against him, get the benefit of it.

Not only did appellant make the question too late, but it is questionable whether the occurrence referred to was not much more apt to have prejudiced the defendant before the jury than the plaintiff.

On the last trial the court gave the punitive damage instruction, and gave the other instructions substantially as they had been given upon the trial of the first of December, 1908; so that the instructions were really more favorable to appellant than he was entitled to and he can make no just complaint of them.

In the plaintiff's petition, after setting out the assault as a part of his allegations with reference to his injuries it is alleged that in consequence thereof plaintiff "has lost and will lose much time by reason of said injuries." On the trial the court declined to permit the plaintiff to testify as to his lost time, and that is complained of as error. It has often been held by this court that damages for the loss of time are special damages and must be specially pleaded. Lex. Ry. Co. v. Britton, 130 Ky., 676.

Judgment affirmed.