## Louisville Woolen Mills v. Kindgen, By Statutory Guardian, etc.

(Decided May 20, 1921.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1.  Infants—Child Labor Law—Damages.—Subsection 9 of section 331a of the statutes prohibits the employment of an infant under 16 years of age "to oil, wipe or clean machinery," to operate a carding machine, or to "work in proximity to any hazardous or unguarded belts, machinery or gearing," and if one known by the employer or his supervising officer to be under 16 years of age is so employed such employment is "in willful and known violation" of the child labor law, as is contemplated by section 4911, vol. 3 of the Statutes, which is a part of the workmen's compensation act; and if the infant employee is injured or is killed while so engaged his guardian or his administrator may elect to sue at law to recover damages for the injury, as is provided by the section last referred to, and it is not essential to the making of such election that the workmen's compensation board shall first determine the question as to the nature of the infant's employment at the time he was injured, i. e., that he was employed "in willful and known violation" of law.

2.  Infants—Child Labor Law—Damages—Estoppel.—While a common law action in the circuit court filed by the infant against his

employer was pending the latter instituted a proceeding before the board of compensation to settle the claim sued on. The infant by his guardian appeared before the board and appropriately objected to its jurisdiction, which objection the board overruled; whereupon the infant by his guardian, who was thus forced to remain before the board, introduced his testimony as to the nature of his employment, as did also the employer, and the board found that the employment was "in willful and known violation" of law, but declined to proceed further with the case: Held, that the infant was not estopped by his action in appearing before the board to further prosecute his common law action, nor did his insistence that his employer was bound by the judgment of the board create such an estoppel.

3. Appeal and Error—Workmen's Compensation Board—Findings.— The court held upon a trial of the common law action that the defendant therein was bound by the finding of the board which the court accepted as true and peremptorily instructed the jury to find for the plaintiff accompanied with a proper instruction for the measurement of the damages: Held, that the action of the court in accepting as true the judgment of the board will not be disturbed on this appeal, even though it be conceded that the court was wrong in doing so, since the evidence established beyond controversy that the employment was of the nature assumed by the court, and where a judgment is correct it will not be reversed though based upon an erroneous reason.

4. Trial—Argument of Counsel.—There is a difference between facts bearing upon "the measurement of damages," and facts "in mitigation of damages," and where the record presents no facts of the latter kind, it is not error for the court to deny to defendant's counsel the right to address the jury and make an argument "in mitigation of damages." If, however, there was testimony in the record having a tendency to mitigate the damages but the rulings and the instructions of the court denied such mitigaton, attorneys are bound by such rulings and such instructions and cannot oppose them in an argument to the jury.

5. Appeal and Error—Argument of Counsel—Exceptions, Bill of.— In order for this court to consider and determine whether the trial court erred in refusing to permit counsel to make a proposed argument, such argument or its substance or the facts proposed to be discussed, must appear in the record by a bill of exceptions so that this court may determine whether the litigant's substantial rights have been prejudiced because of the court's ruling; otherwise there is nothing for the court to act upon.

6. Damages—Excessive Damages.—A stout, healthy young man with at least average intelligence, and but a few months past 15 years of age, sustained an injury resulting in the loss of his right arm and other bruises and wounds upon different parts of his body from which he suffered great pain and anguish for a considerable

time: Held, that a verdict in his favor for the sum of $10,000.00 cannot be regarded as excessive.

BASKIN & VAUGHAN for appellant.

RICHARD P. DIETZMAN, CHAS. CARROLL, MARTIN T. MORAN and GEO. A. SCHULER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action was brought in the Jefferson circuit court by the appellee and plaintiff below, Bernard Kindgen, an infant, by his statutory guardian, against the appellant and defendant below, Louisville Woolen Mills, seeking to recover damages against the defendant in the sum of $30,000.00 resulting from injuries sustained by plaintiff while he was employed by defendant, as alleged, in "willful and known violation" of the child labor law (subsection 9 of section 331a Kentucky Statutes), and upon trial there was a verdict against defendant for the sum of $10,000.00, which the court declined to set aside upon defendant's motion for a new trial and rendered judgment against it for that amount, to reverse which defendant prosecutes this appeal.

To understand the grounds urged before us for a reversal it will be necessary to give a brief history of the proceedings had in the case from the time of the filing of the petition to the rendition of the judgment, and also to state some of the undisputed and admitted facts upon which the suit was based. The injury sued for occurred on October 11, 1918, and was caused by plaintiff having his right arm caught in the fly wheel of some machinery while he was at work at and around a carding machine and while he was employed to oil and clean that and, perhaps, other pieces of machinery, and his arm was mashed, lacerated and torn so that it had to be amputated some weeks afterwards when it became evident that it could not be saved, and during which time plaintiff suffered intense and excruciating pains. There were also injuries to other parts of his body. At the time of his employment, as well as at the time of the injury, he was but slightly past 15 years of age, of which fact defendant had knowledge through a certificate furnished it by plaintiff at its request, but, notwithstanding, it through its foreman in charge continued plaintiff in its employ and assigned him to the work above stated. The petition relies solely upon the prohibited employment of plaintiff

as a ground for recovery, making no reference to any act of negligence committed by defendant. The answer contained two paragraphs, the first of which was a denial, and the second relied on contributory negligence, which was denied by a reply, the latter pleading being filed May 19, 1919. On June 7, 1919, an amended answer was filed in which defendant set up the fact that it was operating under our statute commonly known as Workmen's Compensation Act, being chapter 38, page 354, Session Acts 1916, as amended by chapter 176, page 690, Session Acts 1918, and being chapter 137, vol. 3, present Kentucky Statutes; that the plaintiff had by writing accepted the provisions of that act and it alleged that the workmen's compensation board, provided for therein, had exclusive jurisdiction of the matters complained of in the petition, and it relied upon the facts so pleaded by it in abatement of the jurisdiction of the circuit court in which the suit had been brought. A reply to that pleading denied the exclusive jurisdiction of the workmen's compensation board and it further alleged that plaintiff sustained his injuries while he was "employed in willful and known violation" of the child labor law, hereinbefore referred to, and that he, through his guardian, had elected to sue and recover damages for his injuries as if the workmen's compensation act "had not been passed." (Section 30 of that act, now section 4911 Kentucky Statutes). That reply to the amended answer was filed October 4, 1919, and on the 15th of that month an amended reply was filed by plaintiff in which he alleged that in June, 1919, and after the issues herein had been made up by the filing of the original reply, defendant ignoring the pendency of this suit, applied to the compensation board, as provided by section 4932, vol. 3 of the Statutes, for the purpose of procuring a settlement of the claim, and that defendant therein (plaintiff here) appeared before the board and demurred specially to its jurisdiction upon the ground that he, through his guardian, had exercised the election which the compensation act gave him in section 4911, *supra*, and that the board was thereby ousted of jurisdiction to consider the case in any of its phases, or to legally pass upon any question connected therewith. This objection to its jurisdiction was overruled by the board and it proceeded to hear evidence and determine whether plaintiff had been employed in "willful and known violation" of the child labor law, which it found to be true and rendered an opinion to that effect. Its judgment stopped

at that point, saying: "And this award is limited to the ruling upon said issue. Bernard Kindgen, through his statutory guardian, has not elected to claim compensation under section 30 of the act" (now section 4911 of the Statutes). Plaintiff filed with that amended reply a copy of the opinion and award of the board of compensation and alleged that defendant, by invoking its jurisdiction, was estopped to deny that award and that the finding of the board that plaintiff was employed in "willful and known violation" of the child labor law was conclusive upon it. On November 22, 1919, defendant filed a responsive pleading to that amended reply but styled it "amended answer," in which it alleged that plaintiff appeared before the board in the proceedings instituted by the defendant as above related and that after its plea to the jurisdiction was overruled, each party introduced evidence as to the age of plaintiff at the time he was employed and at the time he was injured, and as to other facts bearing upon the nature of the employment, and that such appearance was an election on his part to prosecute the action before the board; and it pleaded such facts in abatement of the common law action in the circuit court. The record shows no responsive pleading to the one last referred to and the parties went to trial with the result above indicated.

At the close of all the evidence defendant moved the court to dismiss the action without prejudice, which was overruled, and it then moved for a peremptory instruction in its favor, which was also overruled, and both of which motions seem to have been made upon the ground that plaintiff by his involuntary appearance before the compensation board and the introduction of testimony before it after its jurisdiction had been challenged, elected to proceed before it and, thereby, waived his right to prosecute the common law action. After the overruling of those motions and after the court had instructed the jury the record shows this: "After the instructions had been given and before argument counsel for defendant offered to argue with the testimony as admitted as a basis therefor, circumstances in mitigation of damages, to which plaintiff, by counsel objected, and the court sustained the objection to which the defendant, by counsel, excepted."

The court gave to the jury only one instruction, the first part of which directed a verdict for plaintiff, and the latter part of which stated the correct rules for the meas-

urement of the amount of recovery, of which no criticism is made on this appeal. The alleged errors of the court in the rulings hereinbefore recited, with the peremptory instruction to find for plaintiff, constitute the errors relied on for a reversal of the judgment.

It is seriously insisted that the court erred in refusing to sustain defendant's motion to dismiss the common law action without prejudice and, failing to do that, in overruling its motion for a peremptory instruction upon the grounds, as stated, that plaintiff in appearing before the compensation board, though involuntarily and at the behest of defendant, waived his right to further prosecute this action and thereby ousted the circuit court of any jurisdiction thereof. We cannot agree with counsel in this contention; but if we should give the effect contended for to plaintiff's action in appearing before the board under the circumstances, we are then of the opinion, as will hereinafter appear, that the alleged error of the court in overruling the motions referred to did not prejudicially affect the rights of defendant under the facts of this case.

In disposing of this question we cannot dismiss from our minds the inconsistent position (as it appears to us) assumed by counsel in its discussion. The ground of the contention is, that in going before the board, though involuntarily and for the purpose of responding to the proceedings instituted before it by defendant, plaintiff thereby abandoned his common law action. The argument is founded upon the provisions of section 4911, *supra,* of the statutes, which says: "If a claim to compensation be made under this section, the making of such claim shall be a waiver and bar to all rights of action on account of said injury or death of said minor as to all persons, and the institution of an action to recover damages on account of such injury or death shall be a waiver and bar of all rights to compensation under this act." In support of this point it is argued in brief that whichever of the two remedies is first adopted by the guardian of the infant if not killed, or by his representative if he is killed, *ipso facto* becomes the exclusive one and it cannot thereafter be abandoned, but must be prosecuted to a finality. It is, therefore, said that in going before the board, and in remaining before it until it determined the preliminary question as to the nature of the employment of plaintiff, he was compelled to thereafter prosecute his claim exclusively before that board. But this conclusion,

as we construe counsel's contention, destroys the grounds upon which it is made; for if the first election constitutes the exclusive remedy, plaintiff in this case ousted the board of jurisdiction by ignoring the workmen's compensation act and bringing his suit for damages in the circuit court in defiance of the terms of that act. Just here it may be said that in the case of Frye's Guardian v. Gamble Brothers, (afterwards appealed to this court and reported in 188 Ky. 283) the learned judge who tried *this* case, and before whom *that* one was pending, had construed section 4911 of the Statutes to mean that before the guardian of an injured infant employee could make his election to ignore the provisions of the compensation act and sue at law for the recovery of damages to his ward, the compensation board should first determine the preliminary fact that the ward had been "employed in willful and known violation" of law, and at the time of the trial in this case that ruling of his honor had not been reviewed and reversed by this court. So that at the time of the making up of the pleadings in this case, and during the occurrences complained of, it had been judicially determined by the very court before whom this case was pending that such proceeding for a determination by the compensation board was an essential prerequisite to the maintenance of the common law action; although plaintiff in this case disputed that fact throughout the trial.

It was held by us in the Frye case that no such determination by the compensation board was necessary to enable the guardian or the administrator of the infant to make the election given by section 4911, and, of course, it results that the determination by the board in this case of the nature of the employment of plaintiff was without any foundation in law and, technically, the court erred in accepting its findings, as to the unlawful nature of plaintiff's employment, as final. But there is considerable authority, however, supporting the contention of plaintiff's counsel in their brief in this case, that defendant is bound by that finding, since it voluntarily went before the board after the institution of this suit for the very purpose of obtaining, among other things, that adjudication. Stevenson v. Miller, 2 Litt. 306; Ashbury v. Powers, 23 Ky. L. R. 1622; Doniphan and Smoot v. Gill, 1 B. Mon. 199, and Bledsoe v. Seaman, 77 Kan. 679. But, whether this be so or not, we are thoroughly convinced that plaintiff is not estopped from prosecuting this common law action in the circuit court by his appearance before the board under

the circumstances stated; nor is he estopped to do so by insisting in his common law action that defendant is bound by the judgment or award of the tribunal to which it applied, and before which it forced plaintiff, for the purpose of obtaining that specific adjudication. The supposed authority to the contrary, relied on by defendant's counsel, is 15 Cyc., pages 259 and 260, wherein the text says: ''Any decisive act of a party, with knowledge of his rights and of the facts, determines his election in case of conflicting and inconsistent remedies.'' But on the same page it is said that, ''The mere commencement of any proceeding to enforce one remedial right, in a court having jurisdiction to entertain the same, is such a *decisive act* as constitutes a conclusive election, barring the subsequent prosecution of inconsistent remedial rights.'' And, further along, on page 262 of the same volume it is said that one who prosecutes an action or suit based upon a remedy which he erroneously supposed he had and is defeated therein is not concluded by his election from prosecuting his action or suit in the proper forum. Such an erroneous proceeding does not constitute such a ''decisive act of the party,'' as is required to create a binding election. See Hillerich v. Franklin Insurance Co., 111 Ky. 255. But, for an election, which was superinduced by the ''decisive act of the party,'' to be binding it should be one of his own voluntary choosing, and not one growing out of his involuntary appearance before a tribunal in a proceeding instituted by his adversary, and which proceeding he contested by all of the methods known to the practice. At the time of plaintiff's appearance before the board, as we have seen, the very court before whom his cause was pending had held that the board had jurisdiction to determine a necessary preliminary fact to the maintenance of his common law action, and that judgment of the court was in force and unreversed, and it was to save his rights under that ruling that he appeared before the board in response to a notice procured by defendant. The opinion in the Frye case from this court settled the question of the jurisdiction of the board to determine the preliminary question adversely to the way it had been held by the trial court, thus demonstrating that the board was without jurisdiction of the proceedings instituted before it by the defendant after this suit was filed. If there were no other reasons for denying the binding effect of plaintiff's appear-

ance before that board, under the conditions appearing, we would hesitate long to give it such effect under the facts and circumstances of the case. We therefore conclude that the court did not err in overruling the motion to dismiss the cause without prejudice, nor in failing to peremptorily instruct the jury to find for defendant.

It is next insisted that in view of this court's opinion in the Frye case the court committed error in accepting as final the finding of the board in the proceeding instituted before it by defendant to the effect that plaintiff had been "employed in willful and known violation" of law. Besides what has already been said concerning this contention, we may here add that the court was justified in assuming the existence of the fact, and in peremptorily instructing the jury accordingly, under the undisputed and admitted facts in the record as proven by defendant's witnesses; and the practice in this jurisdiction is that a judgment will not be reversed for an error which does not operate to the substantial prejudice of the appellant. Civil Code, sections 134, 338 and 756. Numerous cases are cited in the notes to the sections referred to in substantiation of the rule. As an outgrowth of that rule it has been constantly and uniformly held by this court that a judgment, if correct, will not be reversed though based by the trial court upon an erroneous reason. Prewitt v. Wilborn, 184 Ky. 638; Lunsford v. Hatfield Coal Co., 166 Ky. 119; Graves County v. First National Bank, 108 Ky. 194; Shewmaker v. Yantsey, 23 Ky. L. R. 1759; Dudley v. Goddard, 11 Ky. L. R. 480, and Davidson v. Johnson, 113 Ky. 202, and other cases therein cited.

At the trial defendant read the testimony of its superintendent and foreman who, it seems, employed plaintiff and who also assigned him to his work. That witness testified that some two months or more before the accident he was furnished by plaintiff with an employment certificate issued by the superintendent of schools in and for the city of Louisville, as is required by subsection 3 of section 331a, *supra*, of the Statutes. That certificate was filed with the deposition of the witness and it shows that plaintiff was born on June 11, 1903, and in it plaintiff is permitted to be employed by the defendant, Louisville Woolen Mills, but prohibits it from employing him at any work except "filling boxes." Instead of assigning to him the work mentioned in the certificate the superintendent

admits that he put him to work at a carding machine and imposed upon him the duty of oiling and wiping that machine and perhaps other machines around it, all at a place surrounded with other dangerous machinery, and all of which was directly in contravention of the express provisions and prohibitions of subsection 9 of the last section referred to. This testimony, as we have said, was introduced by defendant itself. It is true the witness says that he instructed plaintiff to not clean the machine or oil or wipe it while in operation, but he admits that he employed plaintiff "to operate or work at a carding machine in the mill," and further says that, "it was the duty of those working at a piece of machinery to keep it oiled and cleaned." Defendant also introduced its general manager, but neither proved nor offered to prove any material fact by him militating in the least against the violations of defendant as shown by the testimony of the superintendent, or which would in any wise relieve defendant of the charge of employing plaintiff "in willful and known violation" of law, as denounced by the statute, *supra.* These were the only witnesses introduced or offered to be introduced by defendant and if it possessed other testimony, contradicting the fact as to the nature of plaintiff's employment, or any other one affecting its liability, there is nothing in the record to indicate it. In addition to the testimony of defendant's superintendent the plaintiff himself testified to the character of his work, and under this testimony there is no contradiction of the fact that plaintiff was employed and put at work in a manner expressly denounced by the statute, which necessarily makes a case where the employment was in "willful and known violation" thereof. Under these circumstances, and following the rules of practice *supra,* there can be no escape from the conclusion that the court did not err in peremptorily instructing the jury to find for plaintiff, the amount to be measured by correct rules for the ascertainment of damages and of which no complaint is made.

The next complaint of counsel is that relating to the argument proposed to be made in "mitigation of damages" as embodied in the above excerpt from the bill of evidence. In disposing of this question it is needless for us to discuss the point, so ably argued by counsel, that a litigant has the right to be heard by himself and counsel, and if this is denied him by the court a new trial should

be granted, provided the error was sufficiently prejudicial, in the opinion of the court to warrant it in concluding that the complaining litigant has not had a fair or impartial trial. This guaranteed rule of practice is so fundamental as to require no citations of authorities by us to sustain it. But the record in this case presents no such question to us.

It is the rule in this jurisdiction, by which this court has uniformly been guided, that improper argument of counsel will not be considered on appeal unless it is made a part of the record by a bill of exceptions, so that it may be determined from the argument itself whether it was proper or improper, and if improper, whether it was sufficiently prejudicial to authorize a reversal of the judgment. The same rule prevails without exception, so far as we are aware, in all other jurisdictions. Some of the later cases from this court so holding are: Sparks v. Sipple, 140 Ky. 542; C. & O. R. Co. v. Stapleton, 134 Ky. 351; United Furniture Co. v. Willis, 158 Ky. 806; Pine Mountain Manufacturing Co. v. Bishop, 160 Ky. 575; St. Paul, etc., Insurance Co. v. Kendle, 163 Ky. 146, and Chreste v. Louisville Railway Co., 173 Ky. 486. The converse of this rule must necessarily follow, since the reason requiring alleged improper argument to be brought before the appellate court in the manner indicated exists with as much force where a proposed proper argument was rejected by the court, as where an improper argument was allowed over objections. There was no sort of avowal made by defendant's counsel in this case as to the nature of the argument that he expected to make or would have made but for the refusal of the court to permit him. Nor did he avow the substance of the proposed argument, or any facts or circumstances in the case looking to "the mitigation of damages," which he desired to discuss; the reason for which was, doubtless, that he could not well do so, since there are no such facts or circumstances appearing in the record. He had no right to discuss before the jury any contributory negligence of plaintiff, or any assumption of risk by him, since neither of these defenses were available to the defendant in a suit for damages to an infant employed in violation of the child labor law. L. H. & St. L. R. R. Co. v. Lyons, 155 Ky. 396; Standard Laundry Co. v. Adams, 183 Ky. 39, and cases referred to therein.

Neither could he argue the ruling of the court in holding as a matter of law that defendant was liable to the extent of the damages sustained, nor could he argue any other adverse ruling of the court during the trial since those errors, if they were such, were for the time being, at least, the law of the case, and counsel under such circumstances is not permitted to take a contrary position before the jury and cannot in his argument assail such rulings of the court in that trial.  Harrison v. Park, 1 J. J. M., 170, and Smith v. Morrison, 3 A. K. M. 83.  It is not claimed by counsel that he was deprived of the right to discuss before the jury every issue submitted to it by the instructions of the court, i. e., every fact legitimately bearing on the "measurement" of damages, which is an entirely different thing from "mitigation" of damages. On the contrary, it is stated in brief for plaintiff that defendant's counsel did argue before the jury facts legitimately bearing on the measurement of damages, and in a reply brief that statement is not denied. True it is, that records before this court are not made up in briefs of counsel, but we think we can look to the circumstances related, together with the silence of the record as to defendant's counsel being entirely deprived of any argument, in reaching the conclusion that counsel was permitted to argue to the jury the only issue upon which argument could legally be made, which was the one relating to the measurement of damages. Somewhat fortifying the above position is the opinion in the case of Warner v. Commonwealth, 27 Ky. L. R. 219.  In that case complaint was made by the appellant that his counsel was not permitted to read to the jury a certain writing or document pertaining to the Guiteau trial.  One of the reasons given in the opinion for disallowing this supposed error was that, "there was no avowal made as to what his counsel intended to read from the book, and this court cannot say that appellant was prejudiced in any way by the court's refusal to allow the extract to be read to the jury."  If it is essential that a proposed writing offered to be incorporated into the argument of counsel and as a part of it, but which the court refused, should be made a part of the record by an avowal, we see no reason why the same principle would not apply where the proposed argument was entirely verbal.  Under the condition of the record we see no reason to sustain this contention.

Lastly, it is insisted that the verdict is excessive; but we think not. As stated, plaintiff's right arm was fearfully mangled. In the language of the plaintiff himself it was "all chewed up." This condition of the arm was also testified to by the physicians who amputated it. Some weeks passed in an effort to save the arm but a gangrenous condition set up and it had to be amputated. The flesh was all torn from it practically from the elbow to the wrist, leaving the bone exposed, and during that time plaintiff suffered great pain. He sustained other injuries to his head, side and other parts of his body, which likewise produced considerable pain, but which eventually healed without permanent impairing results. We held in the case of L. & N. R. R. Co. v. Copley, 177 Ky. 171, that a verdict for $12,000.00 for the loss of a leg was not excessive and for the same injury a verdict for $15,000.00 was upheld as not excessive in the case of Standard Oil Co. v. Titus, 187 Ky. 560. It is probably true that the loss of a right arm to a right handed person is greater than the loss of a leg, not taking into consideration the element of pain and suffering following the injury. But, however that may be, a verdict for $10,000.00 for the loss of an arm was upheld as not excessive in the case of L. & N. R. R. Co. v. Cason, 116 S. W. (Ky.) 716, and a verdict for a like amount for disfiguring an arm and rendering it practically useless was also upheld in the case of Gnau v. Ackerman, 166 Ky. 258. Plaintiff was a healthy young man before he sustained his injuries and, judging from his testimony, he was at least reasonably intelligent. His power to earn money by physical efforts is largely curtailed, if not destroyed, and this too at the very beginning of his active life. In view of all the facts and in the light of the cases referred to we cannot say that the verdict was superinduced by passion or prejudice on the part of the jury, or that it was not sustained by the testimony in the case.

Finding no error prejudicial to the substantial rights of the defendant the judgment is affirmed.