## Marks, et al. v. D. L. Grace and Vernon Grace.

(Decided November 11, 1924.)

### Appeal from McCracken Circuit Court.

1. Set-off and Counterclaim—Equitable Counterclaim May be Maintained Against Nonresident—Equitable counterclaim may be maintained in action by nonresident having no property in state.

2. Evidence—Evidence of Subsequent Agreement Admissible, Though Original Agreement in Writing.—Evidence of a subsequent agreement is always admissible, though original agreement is put in writing.

3. Master and Servant—Subsequent Agreement to Pay Commission Held Supported by Consideration.—Where employer of traveling salesman furnished goods for a store, to be run by salesman's children, he to receive commission on goods sold as though he sold them as traveling man, a subsequent agreement for payment of certain commission to him, forming part of arrangement under which store was sold was supported by sufficient consideration.

4. Replevin—No Error in Not Allowing Substantial Damages, in Absence of Proof of Actual Loss.—In action by company against traveling salesman, who had been operating a store handling plaintiff's goods, court did not err in not allowing plaintiff substantial damages for detention of property, where there was no proof of any actual loss.

5. Master and Servant—Traveling Salesman, Furnished Goods to Run Store, Held Not Entitled to Commissions Until He Paid for

Goods Received.—Under contract whereby traveling salesman was furnished goods to run store, held that he was not entitled to agreed commissions on sales, unless he first paid for goods he received.

6. Appeal and Error—Considerable Weight Given to Judgment of Chancellor, and Conclusion Not Disturbed, if Mind is Left in Doubt. —Appellate court gives considerable weight to judgment of chancellor on facts, and his conclusion is not disturbed if on whole record mind is left in doubt as to truth.

EATON & BOYD for appellants.

MOCQUOT, BERRY & REED and REED & BURNS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

For several years before the year 1919 D. L. Grace was in the employ of Marks and Stix of Cincinnati, Ohio, as a traveling salesman. They paid him $100.00 a month and also allowed him five per cent commission on his sales, but charged against the commissions the payments of $100.00 a month and also his expenses. He lived at Rector, Arkansas, and in the spring of 1919 he wrote them proposing to open a shoe store there, and after some correspondence an arrangement was made between them by which the store was opened. Marks and Stix furnished the goods, they to receive all of the proceeds of the store, less expenses, and Grace to receive the commission on these goods as though he had sold them as a traveling salesman. His son and daughter were to run the store and were to receive a salary. The following written contract was entered into:

"April 1, 1919.

"Marks & Stix and D. L. Grace, doing business under the style of D. L. Grace, Son & Co., have this day entered into the following contract and agreement:

"Marks & Stix agree to consign merchandise to D. L. Grace, Son & Co., the title of which remains with them until sold at retail to the ultimate consumer.

"D. L. Grace, Son & Co. agree to accept said merchandise on consignment, and sell them at retail and settle for them as sold, in other words, remit for said goods sold weekly.

"D. L. Grace further agrees that he will not
buy or accept merchandise or consignment from any
other source.  He further agrees to inventory said
stock of merchandise every six months, and furnish
the aforesaid Marks & Stix a true copy of said in-
ventory.

"The above contract and agreement to remain
in force at the option of Marks & Stix.  On termina-
tion of contract all unsold or unpaid for goods as
per above contract to be put in shipping order and
returned to Marks & Stix.

"It is further agreed to keep this stock of mer-
chandise fully insured in the name of Marks & Stix
and that all insurance policies on this stock are to
be held at their office in Cincinnati, Ohio.

                    "D. L. GRACE & SON.
                    "MARKS & STIX."

It will be observed that the paper does not contain
the whole contract.  After they had run this store in this
way until the following February they sold it and had a
settlement upon which Marks & Stix fell in debt to Grace
in the sum of $448.25, being the balance due him on his
commisions at 5%, less what he had received in the way
of cash and his expenses.  He then moved to Paducah,
Kentucky, and by an arrangement with Marks & Stix
opened a store there under the same contract as the
store in Rector, Arkansas.  He continued to travel there
as before and received the monthly payment of $100.00
as before.  The store at Rector was a success; the store
at Paducah was not a success, but lost money, and when
closed left a loss falling on Marks & Stix of $3,812.99.
They brought this suit against Grace, who was doing
business in the name of D. L. Grace, Son & Co. and took
out an order of delivery for the goods in the store. He by
his answer set up a counterclaim, charging that $448.25
was due him for commissions on the store at Rector and
a commission of $1,485.05 as commissions on the store
at Paducah.  The plaintiff demurred to the counter-
claim; the demurrer was overruled.  On final hearing
the circuit court gave judgment in favor of Grace on
his counterclaim in the sum of $448.25, being the commis-
sions due him on the Rector store, but dismissed his
counterclaim as to the commissions on the Paducah store.
From this judgment Marks & Stix appeal and Grace
prosecutes a cross-appeal.

The demurrer to the counterclaim was properly overruled. It was alleged in the answer that Marks & Stix were nonresidents of the state and had no property in the state. If Grace could not maintain his counterclaim in this action he was without remedy. It is well settled in this state that under such circumstances an equitable counterclaim may be maintained. Newman's Pleading, section 475E.

The agreement to pay Grace 5% commission was made after the written contract was made and was a part of the transaction of selling the store at Rector. Evidence of a subsequent agreement is always admissible although the original agreement is put in writing. There was sufficient consideration for the agreement, for it was part of the arrangement under which that store was sold by Grace. And that the agreement was made is conclusively shown by the settlement in writing then made by the parties. The court, therefore, did not err in giving judgment for this money.

It is earnestly insisted that the petition sought damages in the sum of $500.00 for the detention of the property by Grace and that the court erred in not allowing plaintiff damages for the detention. But there was no proof of any actual loss and there was no error in not giving substantial damages.

On the cross-appeal the evidence is clear that the Paducah store instead of making money lost to Marks & Stix $3,812.99. While Grace was to be paid a commission he was first to pay for the goods he got, and from all the correspondence it is perfectly plain that the store at Paducah was started to give him an opportunity to make some money and that it was definitely understood that Marks & Stix were not to pay him commissions before they were paid for the goods. In cases of this sort this court gives considerable weight to the judgment of the chancellor and his conclusion is not disturbed on the facts if on the whole record the mind is left in doubt as to the truth. Applying this rule here the court is clearly of the opinion that the chancellor's judgment can not be disturbed on the facts.

Judgment affirmed on the original and on the cross appeal.