## Whitaker v. Reynolds et al.

## Max v. Same.

(Decided April 29, 1930.)

J. E. SAMPSON, STEPHEN COMBS, Jr., LEWIS E. HARVIE and JAS. M. GILBERT for appellants.

J. E. CHILDERS, EDWARD C. O'REAR and ALLEN PREWITT for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

At the regular election held on November 5, 1929, there were five members of the board of trustees of the town of Jenkins, of the sixth class, to be chosen. Through popular misconception it appears that only two candidates, Looney and Berlin, had their names printed on the ballot. The names of the appellants in these consolidated cases were written under the names of the other two, and votes were cast for them by placing the stencil imprint in the squares opposite.

128

The board of election commissioners of Letcher county issued certificates of election to Looney and Berlin, who received 757 and 507 votes, respectively. They gave to the appellants, Whitaker, who received 130 votes, and Max, who received 138 votes, a statement or tabulation, by precincts, showing the number of votes cast for all candidates being voted for in the town election, including themselves.

These suits were brought against the election commissioners for mandatory injunctions requiring them to issue certificates of election to the plaintiffs, which injunctions were denied by the lower court, from whose action they appeal.

Section 3669, of the Statutes, provides that in towns of the sixth class, municipal elections shall be held under the law provided for the general elections of the state, except in some particulars not applicable here. The pertinent part of the law relating to the duties of the board of election commissioners, as found in section 1596a-5, is this:

"For offices not within such gift (requiring certification to the secretary of state) they shall give duplicate or more written certificates over their signatures, of the number of votes given in the county, city, town, district, or precinct, particularizing therein the precinct at which the votes were given, one copy to be retained in the clerk's office, one delivered to the sheriff, and one, in case of municipal or district election, to the common council of said municipality or governing authority of such district."

There is no law, therefore, requiring the commissioners to issue a certificate of election, or even a copy thereof, to the candidates for office in sixth-class towns; and since that is all the petition sought, the lower court properly refused to grant the prayers. The fact that he rested his decision upon other grounds is immaterial.

Judgment affirmed.