## Dwiggins v. Howard et al.

(Decided Dec. 13, 1932.)

G. A. DONALDSON and J. L. DONALDSON for appellant.

F. C. GREENE and MORRIS & JONES for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Ruth T. Howard and her husband sued the Southland Realty & Mortgage Company, B. B. McKinney, its president, R. S. Cornwall, its secretary, and Charles I. Dwiggins, one of its vice presidents, to cancel a certain note and mortgage covering land located in Carroll county, Ky. The relief was sought upon the grounds of fraud, misrepresentation, lack of consideration, and perversion of the papers from the purpose for which they were signed and placed with the defendants. Dwiggins filed an answer and counterclaim defending the validity of the note and mortgage, and demanding a personal judgment and enforcement of the mortgage for his benefit. He claimed to be the owner and holder of the note and mortgage by virtue of an assignment thereof to him by the Southland Realty & Mortgage Company to whom the instruments were made payable. The circuit court granted the relief sought, but upon the ground that the note and mortgage were given under an agreement for a limited use, and, that purpose having been accomplished, the note and mortgage were not enforceable for the benefit of Dwiggins, who had made the agreement. Dwiggins has prosecuted an appeal. He assigns as reasons for reversal that the judgment was contrary to the manifest weight of the evidence, that the plaintiffs were guilty of laches, and that the plaintiffs' position involved a variation of the terms of a written contract by oral evidence contrary to the rule of law controlling such cases.

1. The evidence is voluminous, but the ultimate facts may be stated within reasonable compass. The

note was for $6,000, dated April 28, 1926, due on or before 90 days after date, and was payable to the order of the Southland Realty & Mortgage Company. The mortgage was dated the 25th day of April, 1926, and by its terms secures the note. The certificate of acknowledgement was signed by Paul Henderson, a notary public, but the date was left blank. It was recorded on June 26, 1926. The assignment of the note and mortgage to Dwiggins was dated April 30, 1926, and appears to have been recorded in the Carroll county clerk's office on January 5, 1927.

The Howards located at Lakeland, Fla., about 1925, and soon formed a friendship with Dwiggins, who was an enterprising business man. He was connected with the Southland Realty & Mortgage Company, a finance concern, which undertook to construct and finance a residence for the Howards. It was claimed by the Howards that the residence was to be completed and financed by the company before turning it over to them. Although contradicted by Dwiggins, who claimed that he was merely aiding the Howards, the preponderance of the testimony tends to prove that Dwiggins induced the Howards to execute the note as a temporary expedient to tide over a period required to get a loan from the Mortgage Security Corporation, of Norfolk, Va.

It is also shown that the mortgage was not acknowledged, and was not to be recorded. Dwiggins claims that the mortgage was acknowledged in June following.

The notary public who signed the certificate of acknowledgment was one of the parties interested in the Southland Realty & Mortgage Company, and first testified that he took the acknowledgments of both the Howards on or about April 28, 1926, at a specified place. Dwiggins first testified that the Howards accepted the new residence built for them by his company in April, 1926, occupied it from that time until they left Florida, and that the mortgage was acknowledged when possession was given. Later it was conclusively shown by testimony and by the records of the utility company that the Howards took possession of the new house after May 30, 1926, and Henderson then testified that he took the acknowledgement on or about June 4, 1926.

at the home of the Howards on Lake Gibson. Dwiggins testified in his second deposition that he discovered on June 4, 1926, when he decided to record the mortgage, that it had not been witnessed or acknowledged, and that he then sent Henderson and a witness to get a proper acknowledgement. Both the notary and the witness sent with him were officers of the finance company. The Howards deny that the instrument was ever acknowledged, and the inference arises, as the appellees argue, that the certificate may have been signed by Henderson without seeing the Howards. He was an officer of the company. Cornwall, one of the attesting witnesses, appears to have stated that he signed the instrument as such because he recognized the signature of Mrs. Howard. The transaction was surrounded by circumstances that repel belief in the accuracy of appellant's theory, and justified the chancellor in upholding the theory of the appellees.

The mortgage was designed to put the real estate of Mrs. Howard in lien for the debt of another. That debt was created in April, 1926, and the mortgage was not then a completed instrument. It lacked the acknowledgment essential to complete the legal requirements, and there was no consideration for her subsequent assumption of a pre-existing debt. Ky. Stats., sec. 2129; Francis v. Rose, 141 Ky. 645, 133 S. W. 550; Louisville St. L. & T. Ry. Co. v. Stephens, 96 Ky. 401, 29 S. W. 14, 16 Ky. Law Rep. 552, 49 Am. St. Rep. 303; Brady v. Equitable Trust Co., 178 Ky. 693, 199 S. W. 1082; Bank of St. Helens v. Mann's Ex'r, 226 Ky. 381, 11 S. W. (2d) 144. As stated, the chancellor rested his judgment upon a finding that the note was given under a special contract for a special purpose which had been fully completed, and that the attempt to enforce it was contrary to the conditions of its delivery, and was not jusified by the facts. The testimony of several witnesses besides the parties involved supports this finding, and, although sharp contradiction was made by Dwiggins and his business associates, we regard the conclusion of the trial court as sustained by the greater weight of the evidence. In such cases its judgment on the facts will not be disturbed. Home Ins. Co. v. Stroud, 244 Ky. 315, 50 S. W. (2d) 934; Breathitt County v. Turner, 223 Ky. 727, 4 S. W. (2d) 695; Hollingsworth v. Avey, 182 Ky. 334, 206 S. W. 493; Amick v. Huffman,

217 Ky. 642, 290 S. W. 506; Ford v. Ford's Ex'r, 233 Ky. 673, 26 S. W. (2d) 551; Martyn v. Jacoby's Adm'r, 223 Ky. 674, 4 S. W. (2d) 684.

2. The appellant argues that the appellees were guilty of laches in bringing the suit, and should be denied relief for that reason. The cause of action accrued at least when the mortgage was placed on record. But there was testimony that Dwiggins prevented action being taken more promptly by his continued and repeated assurance to Mrs. Howard that he would not permit the mortgage to be enforced. He could not lull her into a false sense of security and then invoke her delay to defeat her rights, or to advance his own interests. Moreover, no injury came to Dwiggins by such delay as occurred. His situation was the same when the suit was filed as it was when the cause of action first accrued. Head v. Oglesby, 175 Ky. 613, 194 S. W. 793. Mere delay in bringing an action does not constitute laches. It is delay resulting in injury to the adverse party that impels a court to withhold relief upon that ground. Hughes v. Wallace (Ky.) 118 S. W. 324; Medley v. Johnson, 200 Ky. 689, 255 S. W. 532; Maryland Casualty Co. v. Dickerson, 213 Ky. 305, 280 S. W. 1106; McDonald v. Baker, 207 Ky. 293, 269 S. W. 338.

There was no room in this case for the application of the doctrine of laches. The delay was not unreasonable under the circumstances, and no prejudice resulted from it.

3. Finally it is argued that the note and mortgage constituted a written contract which could not be varied, contradicted, or defeated by parol testimony. Tross v. Bills' Ex'x, 189 Ky. 115, 224 S. W. 660; Barret v. Clarke, 226 Ky. 109, 9 S. W. (2d) 1091; Simpson v. Blaine, 191 Ky. 465, 230 S. W. 934; Hoffman v. Wilson, 208 Ky. 195, 270 S. W. 788.

The principle has no application to the facts of this case. The written contract was not varied by the oral testimony, but the conditions explaining the existence, execution, and custody of the writings by Dwiggins were explained thereby. Pickrell v. Wilson, 199 Ky. 20, 250 S. W. 135; Id., second appeal, 217 Ky. 430, 289 S. W. 1100; J. I. Case T. M. Co. v. Barnes, 133 Ky. 321, 117 S. W. 418, 19 Ann. Cas. 246; New York Canners Co. v. Rucker, 238 Ky. 204, 37 S. W. (2d) 31.

The validity of the written instrument was assailed upon the ground of fraud in its procurement, and, in such attacks, the courts invariably admit oral proof to show the facts. Boyce v. Grundy, 3 Pet. 210, 7 L. Ed. 655; Neyaus v. Dickinson Bros., 138 Ky. 760, 129 S. W. 100; Metropolitan Life Ins. Co. v. Trunick's Adm'r, 229 Ky. 173, 16 S. W. (2d) 759; Doyle v. Offutt & Blackburn, 135 Ky. 296, 122 S. W. 156; Smith & Nixon Co. v. Morgan, 152 Ky. 430, 153 S. W. 749.

Moreover, the oral proof related to the consideration, subsequent alteration, and discharge of the written obligation, and came within another exception to the general rule. New York Canners Co. v. Rucker, supra; Marks v. Grace, 205 Ky. 456, 266 S. W. 30; Vandivier v. Tye, 231 Ky. 630, 21 S. W. (2d) 1006; Simmons & Co. v. Price's Adm'r, 238 Ky. 332, 38 S. W. (2d) 6; First State Bank v. Morton, 146 Ky. 287, 142 S. W. 694.

4. The fact that the lower court did not rest its judgment upon the alleged fraud, but upon the coincidental or collateral agreement, does not preclude this court from considering the entire case. If the judgment was correct upon any ground manifested by the record, it is not material that it may have been pronounced for an insufficient or wrong reason. Louisville & N. R. Co. v. King, 216 Ky. 736, 288 S. W. 733; Louisville Trust Co. v. Horn, 209 Ky. 827, 273 S. W. 549; Shewmaker v. Yankey, 66 S. W. 1, 23 Ky. Law Rep. 1759; Trimble v. Lewis, 14 Ky. Law Rep. 527; Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442; Louisville Woolen Mills v. Kindgen, 191 Ky. 568, 231 S. W. 202; Farmers' & Merchants' Bank v. Bagby, 223 Ky. 29, 2 S. W. (2d) 1033; Nall v. Thomas, 225 Ky. 610, 9 S. W. (2d) 727; Whitaker v. Reynolds, 234 Ky. 127, 27 S. W. (2d) 672.

But we find no difficulty in sustaining the judgment upon the grounds specified therein. If the fact was otherwise, the judgment might still be affirmed upon the ground of fraud in procuring and recording the mortgage contrary to the contract.

The judgment is affirmed.