## Commonwealth on Relation, etc. v. Fenley, et al.

(Decided November 5, 1920.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1.   Taxation—Inheritance Tax—Gift or Transfer in "Contemplation of Death."—Section 4281a of the inheritance statute provides that any gift or transfer made in "contemplation of the death" of the

grantor shall be subject to the tax, but this does not mean that every gift is subject to the tax, but only such gifts as are made when the condition of the health of the grantor or the presence of some threatening danger creates a fear that death may be near at hand. And whether this condition exists is to be determined by the facts of each case.

2. Taxation—Inheritance Tax—Burden of Proof on Commonwealth.— When it is sought to subject property transferred by gift or deed to the payment of an inheritance tax the burden is on the Commonwealth to show that the gift or transfer was made in "contemplation of death."

3. Statutes—Inheritance Tax Statute—Construction of.—In the construction of statutes it is allowable to substitute words or add or omit words and to alter the arrangement or structure of sentences or paragraphs when necessary to relieve the statute from absurdity or effectuate the legislative intent. Accordingly the words "widow of a son" in subsection two of section 4281a should read "wife of a son."

CHARLES I. DAWSON and J. MATT CHILTON for appellant.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

Sebastain Zorn at different times between July 5, 1906, and November 6, 1906, advanced to his son, Garnet Zorn, $42,213.97 and took from him at the time of each advancement his note evidencing the amount thereof.

On August 31, 1917, Mr. Zorn destroyed the notes he had taken from his son and in lieu thereof took from him a receipt reciting that the several sums mentioned in the notes were to be "considered advancements to me." It will thus be seen that the sums furnished to his son and which were evidenced by promissory notes were converted from an indebtedness into an advancement or gift by Mr. Zorn to his son.

On July 27, 1918, Sebastain Zorn made his will and in clause eight thereof, after dividing his estate into three equal parts, gave one of such parts to his son, Garnet Zorn, and further provided that "any sums which I have advanced to either of said children for which either or both of them have executed receipts to me shall be charged as advancement against such child, but no amount shall be charged as an advancement against either child unless I hold receipt of such child for the amount to be so charged."

After the death of Mr. Zorn the Commonwealth, through one of its officers, undertook to subject this advancement, which may be treated as a gift, to the payment of an inheritance tax under section 4281a of the Kentucky Statutes, providing in part that ''All property which shall pass, by will or by intestate laws of this state, from any person who may die seized or possessed of the same while a resident of this state, . . . or any interest therein, or income therefrom, shall be transferred by deed, grant, sale or gift, made in contemplation of the death of the grantor or bargainor, or intended to take effect in possession or enjoyment after such death, to any person or persons, . . . by reason whereof any person . . . shall become beneficially entitled in possession or expectancy, to any property, or to the income thereof, shall be and is subject to a tax for the general use of the Commonwealth.''

The circuit court ruled that the amount represented by the gift was not subject to the inheritance tax and the Commonwealth appeals.

It is admitted that the sum advanced by Mr. Zorn to his son was a gift within the meaning of the statute, and so whether it is subject to the inheritance tax depends on whether it was ''made in contemplation of the death'' of Mr. Zorn. If it was made in contemplation of his death within the meaning of the statute it is subject to the tax, but if it was not so made is not subject to the tax.

At the time the receipt was taken by Mr. Zorn which converted the previous indebtedness of his son into a gift to his son Mr. Zorn was in good health, as is admitted. He did not make his will until a year afterwards and did not die for more than two years afterwards. He, of course, at the time the gift was made contemplated death in the ordinary and natural sense that every person contemplates his death at some future time, but there was no present or impending apprehension of death.

The anticipation or apprehension of death in the ordinary and natural course of events is not such contemplation of death as the statute has in view. The contemplation of death the statute speaks of is a present apprehension of death arising from some existing condition or impending peril that would reasonably create a fear that death was near at hand, as, for example, when the grantor is in bad health and the compelling thought of death is prominent in his mind, or when he is in the presence of or there is fear or apprehension of some

danger or peril that might reasonably and naturally produce an expectation of death.

Of course every person knows that at some time he will certainly die, and if this ever existing knowledge of death at some time in the future was the contemplation of death within the meaning of the statute then no person at any time during life could make a transfer of property by deed, grant, sale or gift that would not be subject to an inheritance tax, although the person making the deed, grant, sale or gift might be in perfect health at the time the transaction took place and live for twenty or thirty or fifty years thereafter. Certainly the statute does not intend and ought not be so construed as to subject to an inheritance tax gifts or transfers of property made under circumstances such as we have supposed, and it is a matter of common knowledge that many gifts and transfers of property are made when circumstances such as these exist.

The statute was enacted primarily for the purpose of levying a tax on property passing by will or the intestate laws of the state from any person who might die seized or possessed of the same while a resident of the state, or, if not a resident of the state, whose property so passing was within the state. It was not intended to put a tax upon all transfers or gifts of property.

The imposition of the tax upon transfers and gifts during the life of the grantor was only designed to prevent the primary purpose of the statute from being defeated or evaded by gifts or transfers that might be made when death was reasonably believed to be impending, and therefore we think that when the Commonwealth seeks to tax under this statute property transferred by deed, grant, sale or gift it is incumbent upon it to show that the person making the deed, transfer, grant, or gift was by reason of the condition of his health or the presence of some threatening danger or peril seeking to dispose of his estate before death came, and so whether the estate is or not taxable is a question to be determined by the facts and circumstances of the particular case.

In some states it is provided by law that all deeds, transfers, grants, or gifts will be deemed to have been made in contemplation of death if made within a specified time before death, as, for example, two or four or six years, and under statutes like these the condition of the person making the gift or transfer or the circumstances surrounding him at the time have no controlling influence

in determining the taxability of the estate. It is only necessary to show when the gift or transfer was made and the date of the death of the person making the same within the time specified in the statute—Re Ebelin, 169 Wis. 432, Am. Law Rep. 1519—but our statute does not contain any provision fixing the period before death within which the gift and transfer shall be deemed to have been made in contemplation of death.

In 26 R. C. L., p. 225, the prevailing rule in the construction of statutes reading like ours is thus stated: "It has sometimes been held that such statutes apply only to gifts *causa mortis,* and to gifts made for the purpose of evading the inheritance tax. But the sounder view is that the statutes apply to gifts *inter vivos* as well as *causa mortis,* provided they are made "in contemplation of death," that is, an apprehension of death arising from some existing bodily condition or impending peril and not the general expectation of eventual decease commonly entertained by all persons. The contemplation of death must be the impelling motive without which the conveyance would not be made in order to subject the transfer of property to the inheritance tax. Whether a gift is made in contemplation of death so as to be subject to the inheritance tax is a question of fact." Cases illustrating and supporting this rule are: Spreckles v. State, 30 Cal. App. 363; People v. Burkhalter, 247 Ill. 600; State v. Pabst, 139 Wis. 561; Conway v. State, 120 N. E. 717, — Ind. Appellate —.

It will be observed that the statute makes provision for three states of cases in which property transferred by deed, grant, sale or gift shall be subject to the payment of the tax: first, when the transfer or grant is made in contemplation of the death of the grantor; second, when it is intended to take effect in possession or enjoyment after such death; third, whenever any person shall become beneficially entitled in possession or expectancy to property transferred or granted.

The last two conditions under which the estate becomes taxable we have not heretofore considered, because here the gift was intended to and did come into the possession and enjoyment of the beneficiary during the life of the grantor and therefore the second condition could have no application as it contemplates a state of case in which the possession or enjoyment of the estate does not become effective until after the death of the grantor. Nor does the third condition apply to the

facts of this case, because it contemplates a state of case in which the person to whom the estate is transferred or granted shall become beneficially entitled thereto before or after the death of the grantor and was evidently inserted in the statute to cover any transfer or gift that might not be included in the first two conditions. These three conditions were plainly intended to cover every gift or transfer of whatever nature or kind made in contemplation of death and that did not pass by will or the intestate laws of the state. So that when the transfer or gift is not made in contemplation of death neither of these conditions becomes applicable.

We are therefore of the opinion that the lower court correctly ruled that this estate was not subject to the inheritance tax.

In the fourth clause of his will Mr. Zorn gave to his son-in-law, John L. Morren, and to his daughter-in-law, Annabell Zorn, $2,500.00 each, and the question has come up whether these bequests should be taxed alike and pay the same per cent under the inheritance tax law.

The statute applicable is parts of subsections two and four of section 4281a. Subsection 2 reads in part: "Where the amount of the property shall exceed in value the exemption hereinafter specified, . . . the tax hereby imposed shall be: Where the persons entitled to the beneficial interest shall be one of class B (i. e., the brother, sister, descendant of a brother or sister, or widow of a son, or the husband of a daughter of the decedent) at the rate of one and one-half per cent.

"Where the person is one of class E (that is, a person related in any other degree of collateral consanguinity than is mentioned in one of the preceding classes, a stranger in blood or body-politic or corporate) at the rate of five per cent."

Subsection four reads in part: "The following exemptions are allowed . . . to each person in class B $2,000.00, . . . to each person in class E $500.00."

Under this statute as it reads it will be observed that the beneficiaries mentioned in class B have an exemption of $2,000.00 and that the rate is one and a half per cent on the property subject to the tax, while the persons described in class E only have an exemption of $500.00 and the rate is five per cent on the taxable estate. It will further be observed that the husband of a daughter comes within class B while the wife of a son not being mentioned in class B would fall in class E, and therefore, under the

statute as it is written, the son-in-law would have an exemption of $2,000.00 and be subject on the excess to a rate of one and a half per cent while the daughter-in-law would only have an exemption of $500.00 and be subject on the excess to a five per cent rate.

When it is considered that a son-in-law and a daughter-in-law of a grantor occupy towards him the same degree of relationship it is unreasonable to believe that the legislature intended to work a discrimination between them in respect to the taxability of the estate each might receive from the grantor. No reason can be assigned why such an arbitrary discrimination should be made.

A reading of the classification of the beneficiaries made by the statute and the tax to be imposed on each class makes it clear that the legislative purpose was to put in the same class all beneficiaries who occupy towards the grantor the same degree of relationship, and this makes it reasonably certain, as was held by the lower court, that the legislature intended to put in class B "the wife of the son" in place of "the widow of a son," so that the wife of a son and the husband of a daughter would be entitled to a like exemption and bear a like rate of taxation. To leave out of class B the wife of a son and insert in the place thereof the widow of a son would be on its face an absurd thing for the legislature to do, and besides would work such an unreasonable and arbitrary discrimination as could not well be sustained by the court.

It is a familiar rule in the construction of statutes that the letter of the statute will not be followed when it leads to an absurd conclusion, and that the reason for the enactment must enter into its interpretation so as to determine the end intended to be accomplished. It is equally well settled that the court in order to make effective what it is plain the legislature intended to do may substitute words or omit words or alter the arrangement or structure of sentences or paragraphs. Illustrative cases are: Neutzel, Clerk v. Ryans, 184 Ky. 292; Com. v. Herald Publishing Co., 128 Ky. 424; Morrell Refrigerator Co. v. Com., 128 Ky. 447; Com. v. Rosenfield Brothers Co., 118 Ky. 374; Sams v. Sams, 85 Ky. 396; Com. v. Grinstead, 108 Ky. 59.

Applying to this statute these rules of construction we think the word "wife" should be inserted in place of the word "widow," so that the statute will read "wife of a son" in place of "widow of a son."

For the reasons stated the judgment will be affirmed.