SADIE S. DAVIS, EXECUTRIX, ESTATE OF DAVID STRAUSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3877. Promulgated January 13, 1928.

*William A. Carr, Esq.*, for the petitioner.
*J. F. Greaney, Esq.*, for the respondent.

OPINION.

MURDOCK: Section 402 of the Revenue Act of 1918, provides—

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title * * *.

The transfer in question was an absolute gift taking effect *in praesenti* and not intended to take effect in possession or enjoyment at or after the death of the decedent, and we are only concerned with the question as to whether it was made in contemplation of death within the meaning of the statute.

We have had occasion to discuss this provision of the Act in several cases, see *Appeal of Spencer Borden, Jr., Executor*, 6 B. T. A. 255; *Appeal of Philip T. Starck*, 3 B. T. A. 514; and we have held that it was the intention of Congress to provide for the inclusion in the gross estate of the value of any property concerned of which the decedent made a transfer in contemplation of death within a reasonable time in the near future as distinguished from the general expectation of death entertained by everyone. This construction of the statute has been applied with uniformity, both in the State and Federal courts. *Shwab* v. *Doyle*, 269 Fed. 321; *Rea* v. *Heiner*, 6 Fed. (2d) 389; *Spreckels* v. *State*, 30 Cal. App. 363; 158 Pac. 549; *State* v. *Pabst*, 139 Wis. 561; 121 N. W. 351; *Commonwealth* v. *Fenley*, 189 Ky. 480; 225 S. W. 154; *Conway's Estate* v. *State*, 72 Ind. App. 303; 20 N. E. 717.

The transfer was made less than two years before death and was a final disposition of a material part of the decedent's property. Therefore, the presumption arises under the statute that the transfer was made in contemplation of death and it must be taxable unless there is evidence sufficient to overcome the presumption fixed by the statute.

From the evidence in this case we are convinced that the decedent at the time he made the transfer in question had no apprehension of death within a reasonable time in the near future and that the motive for the transfer was his desire to provide an income for his daughters during his lifetime. We are of the opinion that the evidence is sufficient to overcome the presumption of the statute; that the transfer was not made in contemplation of death within the meaning of the statute, and that the respondent was in error in including the value of the stock transferred in the decedent's gross estate.

*Judgment will be entered on notice of 15 days, under Rule 50.*