# State Tax Commission v. Robinson's Executor et al.

(Decided May 20, 1930.)

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellant.

H. H. NETTLEROTH for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The state tax commission fixed the value of the estate of Virginia P. Robinson, deceased, for inheritance tax purposes. In so fixing the value the commission included as a part of the estate certain securities valued at $56,202.50 that decedent had transferred to her daughter within three years next before her death. This method of inclusion followed by the state tax commission is authorized by section 4281a-1, subsec. 2, Ky. Stats., which contains the specific provision that every transfer of property made within three years next before the donor's death shall be construed to have been made in contemplation of death, and shall be treated as a part of the estate of the decedent for inheritance tax purposes.

Upon an appeal to the county court from the order of the state tax commission, that court exonerated the estate of decedent from the payment of an inheritance tax on the value of the securities above mentioned. From the judgment of the county court the state tax commission appealed to the circuit court, where the point was decided adversely to the state tax commission.

The section of the Kentucky Statutes mentioned above was enacted by the General Assembly following a decision by this court in the case of Commonwealth v. Fenley, 189 Ky. 480, 225 S. W. 154. At the time of that decision the inheritance tax laws required that the tax

should be imposed, not only upon the property passing by will or by the intestate laws of the state, but also upon property which had been transferred in contemplation of death. In that case it was held that a gift made by decedent to his son was not made in contemplation of death, and for that reason the value of the gift should not be treated as a part of his estate in ascertaining the amount of the inheritance tax due. In the course of the opinion some allusion was made to the laws of other states providing that gifts made by the decedent within a fixed period of time prior to his death should be conclusively presumed to have been made in contemplation of death. The case of In re Ebeling, 169 Wis. 432, 172 N. W. 734, 4 A. L. R. 1519, was cited. The Wisconsin court in that case had upheld such an arbitrary provision in the laws of the state. When the General Assembly was confronted by the decision of this court in the Fenley case, it amended our inheritance tax laws by adopting the aforesaid section of the statute, which is the same as the section of the Wisconsin law relating to the same matter, except the Wisconsin law made the arbitrary dividing line between gifts conclusively presumed to have been made in contemplation of death and other gifts where such fact must be established by proof, at six years, while the Kentucky Statutes made the dividing point three years preceding the death of the testator.

The provision of the Wisconsin law was considered by the Supreme Court of the United States in the case of Schlesinger v. State of Wisconsin, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224. The provision in the Wisconsin law was adjudged invalid because of its discriminatory nature, and it follows, without argument, that the aforesaid section of the Kentucky statutes must be held unconstitutional on the authority of the last-cited case. This means that such a law on the subject must apply to all gifts alike, and that as the law is left it is necessary to establish that the gift was made in contemplation of death whether it was made at one time or another.

Judgment affirmed.