## Chase's Ex'x v. Commonwealth.

Nov. 19, 1940.

W. B. Ardery, Judge.

Rouse, Price & Adams for appellant.

Hubert Meredith, Attorney General, and A. E. Funk and W. Owen Keller, Assistant Attorneys General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This appeal involves the construction of that part of the inheritance tax law which deals with the transfer of property within three years of the death of the donor.

Section 4281a-13 of the Kentucky Statutes reads: "Every transfer made within three years prior to the death of the grantor, vendor, or donor of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, shall be construed prima facie to have been made in contemplation of death within the meaning of this section. And in the event a transfer was made more than three years prior to the death of the decedent it shall be a question of fact to be determined by the proper tribunal whether such transfer was made in contemplation of death."

Charles C. Chase died testate May 14, 1936, a resident of Kenton county, Kentucky. He left a net estate of more than $600,000. His widow, Sara Cecil Chase, was named executrix in the will, and qualified as such. On December 17, 1936, the executrix filed with the Department of Revenue a report of the estate of Charles C. Chase for inheritance taxes. She reported the following gifts made by the deceased shortly before his death: To his wife, Sara Cecil Chase, $10,000 on November 4, 1935, and $5,000 on February 27, 1936; to his daughter, Emily Hearne Chase, $5,000 on February 27, 1936; to his daughter, Louise Chase Eddy, $5,000 on April 24, 1936; to his daughter, Mildred Chase Greer, $10,000 on January 14, 1936, and $5,000 on April 24, 1936. These gifts consisted of bonds and the accrued interest thereon, and the Department of Revenue fixed the total value thereof at $40,520.41 and included all of them in the taxable estate, which it valued at $649,109.01. It fixed the total amount of inheritance taxes at $41,308.72, which included $3,241.63 fixed as the tax on the foregoing gifts. The executrix paid the tax on the gifts under protest on June 28, 1938, and on August 6, 1938, brought this action to recover that amount on the ground that the gifts were not made by the testator in contemplation of death. It was alleged in the petition that the gifts were not a material part of the testator's

estate and were not a final disposition or distribution thereof; that testator was 72 years of age when he died, and that until January 31, 1936, his physical condition was not such as to create in his mind an apprehension that death was near; that expectation of death was not the direct or moving cause of said gifts, or any of them; and that for many years prior to testator's death it was his custom to make gifts to his wife and children. The Commonwealth demurred to the petition, and, without waiving the demurrer, filed an answer traversing the material averment of the petition. Thereafter the following order was entered:

"Comes the plaintiff and moves the Court that she be permitted to file copies of affidavits, the originals of which are filed with the Department of Revenue at Frankfort, Kentucky, and that said copies of affidavits be considered as all the evidence for plaintiff in this action, and the defendants being present in Court, by attorney, agree that said copies of affidavits may be considered by the Court as all the evidence of the plaintiff in this action.

"It is therefore ordered that said copies of affidavits be filed of record and be considered as all the testimony offered by plaintiff in this action. The defendants, by counsel, declined to introduce any proof and upon motion of both plaintiff and defendants, this cause is now submitted to the Court for judgment."

Judgment in favor of the Commonwealth was entered, and the plaintiff appeals.

Gifts made in contemplation of death within the meaning of the Inheritance Tax Act are gifts motivated by the thought of death. This does not mean that the donor must believe that death is imminent. The purpose of inserting in inheritance tax laws provisions for taxing gifts made in contemplation of death is to prevent evasion of the tax by transfers which are merely substitutes for testamentary dispositions, and the determination of the nature of the gifts turns on the motive of the donor. United States v. Wells, 283 U. S. 102, 51 S. Ct. 446, 75 L. Ed. 867; Milliken v. United States, 283 U. S. 15, 51 S. Ct. 324, 75 L. Ed. 809; Perry v. Martin, 125 N. J. L. 46, 14 A. (2d) 266; Mossberg v. McLaugh-

lin, 125 Conn. 680, 7 A. (2d) 910. The value of the gift, age of the donor, and condition of his health are some of the circumstances to be considered in determining the question of motive. Under our statute a gift made within three years prior to the death of the donor is subject to the tax unless it is shown that it was not made in contemplation of death, and the burden of overcoming the presumption created by the statute is upon those who claim the estate. Appellant cites and relies upon Commonwealth v. Fenley, 189 Ky. 480, 225 S. W. 154, in which the court said that when the Commonwealth seeks to impose a tax upon transfers and gifts during the life of the grantor, it is incumbent upon it to show that the person making the gift was, by reason of the condition of his health or the presence of some threatening danger or peril, seeking to dispose of his estate before death came. The statute under consideration in the Fenley case placed the burden of proof on the Commonwealth, while the present statute places the burden of proof upon those who claim the estate to establish the fact that the gift was not made in contemplation of death. If the gift was made more than three years prior to the death of the donor, then the question as to whether it was made in contemplation of death is to be determined by the facts and circumstances of the particular case, and the burden is upon the Commonwealth to establish that the gift was made in contemplation of death, as was held in the Fenley case. In the present case, gifts amounting to $30,000 were made by the donor to his wife and three daughters within four months prior to his death. He was 72 years of age, and the petition and affidavits filed by appellant admitted that he was not in good health subsequent to January 31, 1936. The only allegations of facts in the petition to overcome the prima facie presumption that the gifts were made in contemplation of death were that for many years prior to the donor's death it was his custom to make gifts to his wife and children, and that the gifts here in question were not a material part of his estate. There was no allegation as to the value of the gifts theretofore made to his wife and children.

Appellant argues that the court erred in sustaining the demurrer to the petition, and that the correctness of this ruling is the only question before us since the circuit court did not determine the sufficiency of the proof.

476

On the other hand, the Commonwealth argues that the petition did not state a cause of action and the ruling of the court in sustaining the demurrer and dismissing the petition was correct. It is unnecessary to determine the sufficiency of the petition, since we have concluded that the evidence was insufficient to overcome the prima facie presumption that the gifts were made in contemplation of death and that the evidence is properly before us. The plaintiff obtained permission to file copies of affidavits, the originals of which were filed with the Department of Revenue, and to have said copies of affidavits considered as all the evidence for plaintiff in the action, and the Commonwealth agreed that they should be so considered. The case was submitted upon the pleadings and the proof. In the judgment the chancellor recited that "after hearing argument of counsel and considering the briefs and authorities submitted in support of contentions of both parties and being sufficiently advised sustained the demurrer to plaintiff's petition." Both the pleadings and the proof were before him for consideration, and, though he may have given the wrong reason for his conclusion, the judgment will not be reversed if he reached the correct result. "If the judgment was correct upon any ground manifested by the record, it is not material that it may have been pronounced for an insufficient or wrong reason." Dwiggins v. Howard, 247 Ky. 746, 57 S. W. (2d) 649, 652; Corbin Brick Company v. City of Somerset, 280 Ky. 208, 132 S. W. (2d) 922; Mazer v. Hazard Realty Corp., 283 Ky. 283, 140 S. W. (2d) 1033. We do not mean to hold that the petition stated a cause of action and the court erred in sustaining the demurrer, but, conceding for present purposes that the petition was sufficient, we hold that the evidence wholly failed to show that the gifts in question were not made in contemplation of death. The affidavits filed in the case were those of the wife and three children of Charles C. Chase who were the recipients of the gifts amounting to more than $40,000. They are substantially the same. Each affiant stated that for a number of years Charles C. Chase had made gifts to her at Christmas, on the anniversary of her birth, and other special occasions. It does not appear that the gifts in question were made on such occasions. The amounts of former gifts are not stated. The following taken from the affidavit of Mildred Chase Greer is a fair sample of the contents of all the affidavits:

"Affiant says that when the gift was made to her by her father on January 14, 1936, he made the statement to her that these bonds were for the education of the girls, meaning her three daughters who were born subsequently to the birth of her son in 1919. She says that at the time her father gave her the last bonds, on the 24 April, 1936, he was ill and had been ill for some time but that she did not anticipate his immediate death nor so far as she knows did he but on the contrary she regarded the gift to her of the bonds in question simply as a continuation of the practice he had continuously followed with reference to making gifts to her at different times."

We think the appellant failed to overcome the prima facie presumption that the gifts were made in contemplation of death.

In her reply brief, appellant argues that Section 4281a-13 of the Statutes is void for uncertainty in so far as it attempts to fix the burden of proof, and therefore it is incumbent upon the Commonwealth to show that the gifts were made in contemplation of death. This argument is based upon the theory that the phrase "material part of his estate" is not defined in the Act, and is so vague, indefinite, and uncertain that a court is unable to determine with any reasonable degree of certainty what the Legislature intended. Some of the definitions of "material" found in Webster's International Dictionary are: "Of solid or weighty character," "substantial," "of consequence," "important." The term is a relative one, and what is a material part of an estate depends upon the facts of the particular case. The Legislature has left the decision to the courts and it should not be difficult to determine what is "substantial," "of consequence," or "important." In the case In re Ebeling's Estate, 169 Wis. 432, 172 N. W. 734, 736, 4 A. L. R. 1519, the court had under consideration the Wisconsin Inheritance Tax Act, Laws Wis. 1913, c. 643, which contained this provision:

"Every transfer by deed, grant, bargain, sale or gift, made within six years prior to the death of the grantor, vendor or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable

consideration, shall be construed to have been made in contemplation of death within the meaning of this section."

In response to the contention that the gifts involved did not constitute a material part of the donor's estate, the court said:

"The next question is whether these gifts, or any of them, constitute a material part of the donor's estates. Obviously the law would be easier of administration if it were more definite in fixing the character or size of gifts to be deemed to have been made in contemplation of death. Whether that is practicable or possible we do not suggest. The use of the word 'material' does not make the law impossible of administration. Whether a gift constitutes a material part of a donor's estate is left a judicial question. As the Legislature has not attempted to define with exactness what shall be considered a material part of an estate, neither shall we. That question must be left to be determined in each case as it arises."

The Supreme Court of the United States in Schlesinger v. Wisconsin, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224, held that the provision of the Wisconsin statute, which undertook to raise a conclusive presumption that all material gifts within six years of death were made in contemplation thereof, was in conflict with the Federal Constitution, but the opinion in the Schlesinger case did not affect what had been said in the Ebeling case in regard to the phrase "a material part of his estate." A gift of $23,000 has been held to be a "material part" of an estate amounting to more than $2,000,000. In re Stephenson's Estate, 171 Wis. 452, 177 N. W. 579, 582. In the Stephenson case the court said:

"While it must be admitted that the ratio the gift bears to the whole estate is a very important factor, it is not per se the determining factor in each case. The size of the gift itself irrespective of the size of the estate has a direct bearing upon the answer. It was the legislative intent that a gift of a material part of an estate made within six years of the donor's death should not escape taxation. Now a large sum of money is a material part of any estate,

no matter how large, because it is a matter of substance—a matter that is not immaterial.''

In the present case the testator made gifts amounting to $30,000 within four months prior to his death. At that rate, he would have disposed of his entire estate within a few years if he had survived. We have no hesitancy in holding that the gifts in question constituted a material part of his estate.

The judgment is affirmed.