## Commonwealth et al. v. Switow.

May 14, 1948.

Eldon S. Dummit, Attorney General, and Roy W. House, Assistant Attorney General, for appellants.

E. J. Wells and Charles W. Morris for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

By this action appellee, Annie Switow, seeks a refund of Inheritance Tax paid under protest.

Michael Switow died testate October 19, 1940, at the age of 76. His widow, Annie Switow, and his son, Samuel J. Switow, were named as executors and duly qualified as such. They filed inheritance tax report with the Department of Revenue of the Commonwealth. The Department of Revenue increased the value of the estate from $38,314.93 as shown by the report of the executors, to $74,184.97. Of this increase $30,000 is represented by 400 shares of preferred stock in the Switow Theatrical Company, which was transferred by the deceased, Michael Switow, to his wife on April 27, 1938, approximately 2½ years prior to his death.

Appellee alleged in her petition that the Commissioner of Revenue illegally and erroneously included as part of her inheritance this 400 shares of stock, and that the transfer was not made in contemplation of death but as an outright gift in consideration of the many business duties performed by her on his account. Appellee took the deposition of 4 witnesses, to which the Commonwealth filed exceptions.

By agreement of the parties the case was submitted to the chancellor without the intervention of a jury upon the pleadings, the depositions upon behalf of the plaintiff and the defendants' exceptions thereto. The court adjudged that plaintiff recover of the defendants by way of refund the sum of $1916.50 with interest thereon at 6% per annum from November 13, 1941, until paid. From that judgment appellants prosecute this appeal.

Appellants take the position that other than a consideration of the exceptions taken to the plaintiff's de-

positions the sole question is whether or not the transfer of stock was a gift made in contemplation of death.

Appellee takes the position that the sole question is whether or not there was any evidence to support the finding and judgment of the lower court.

Although they admit failure to obtain action of the lower court on the exceptions filed, appellants inject into their brief comment on those exceptions. Due to that admitted failure on part of appellants, we cannot consider the exceptions as here presented. See Proctor v. Proctor, 282 Ky. 20, 137 S. W. 2d 354. The question then remains: Is there any evidence to support the findings of the lower court? If so, we must affirm its judgment. See Fitzpatrick, Adm'r v. Citizens Bank & Trust Company, 231 Ky. 202, 21 S. W. 2d 254.

Appellants contend that pursuant to KRS 140.020 it was incumbent upon the plaintiff by pleading and proof to overcome the presumption that the gift was made in contemplation of death. They insist that both the petition and proof failed to overcome this prima facie presumption created by the statute above.

Taxation of gifts made in contemplation of death has been the subject of considerable litigation. Two well considered opinions construing our present tax provisions on such gifts and establishing the guiding principles for the disposition of such cases are to be found in Chase's Executor v. Commonwealth, 284 Ky. 471, 145 S. W. 2d 58, and Sellinger's Adm'r v. Reeves, 292 Ky. 114, 166 S. W. 2d 54. That we might get these principles established in our mind we quote from each of them. In the first above we said (284 Ky. 471, 145 S. W. 2d 59):

"Gifts made in contemplation of death within the meaning of the Inheritance Tax Act are gifts motivated by the thought of death. This does not mean that the donor must believe that death is imminent. The purpose of inserting in inheritance tax laws provisions for taxing gifts made in contemplation of death is to prevent evasion of the tax by transfers which are merely substitutes for testamentary dispositions, and the determination of the nature of the gift turns on the motive of the donor. United States v. Wells, 283 U. S. 102, 51

S. Ct. 446, 75 L. Ed. 867; Milliken v. United States, 283 U. S. 15, 51 S. Ct. 324, 75 L. Ed. 809; Perry v. Martin, 125 N. J. L. 46, 14 A. 2d 266; Mossberg v. McLaughlin, 125 Conn. 680, 7 A. 2d 910. The value of the gift, age of the donor, and condition of his health are some of the circumstances to be considered in determining the question of motive. Under our statute a gift made within three years prior to the death of the donor is subject to the tax unless it is shown that it was not made in contemplation of death, and the burden of overcoming the presumption created by the statute is upon those who claim the estate.''

In the second we said (292 Ky. 114, 166 S. W. 2d 57):

''The object of the Inheritance Tax Statute is to tax not only testamentary and intestate transfers but also inter vivos transfers which are, in fact, substitutes for testamentary dispositions. To bring a gift inter vivos within the purview of our Inheritance Tax Statutes and render it taxable, it is not necessary that the donor be motivated alone by the thought of death. If contemplation of death is one of the motives, the transfer may be taxable though other motives are present. A desire to see a donee have a present enjoyment of the property and to see him established with a separate competency are not necessarily inconsistent with the transfer of the property in contemplation of death within the meaning of the statute. In ascertaining the motive or motives actuating the donor, facts may be considered such as his age and state of health at the time the gift was made, the amount of the gift, the relationship of the donees, his habits and propensities, and other pertinent circumstances. Chase's Ex'x v. Commonwealth, supra; Dommerich v. Kelly, 132 N. J. Eq. 220, 27 A. 2d 871; Kavanaugh v. Kelly, 131 N. J. Eq. 398, 25 A. 2d 547; Purvin v. Commissioner of Internal Revenue, 7 Cir., 96 F. 2d 929, 120 A. L. R. 166.''

Keeping in mind the guiding principles of the above cases we must first examine the pleadings as to sufficiency and then look at the evidence to see if the proof overcame the presumption that the gift was made in contemplation of death. Appellee alleged that the Commissioner of Revenue illegally and erroneously includ-

ed as a part of her inheritance the gift of 400 shares of Switow Theatrical Company preferred stock, valued at $30,000, which had been transferred to her on April 27, 1938, and was not made in contemplation of death. The manner and method of the transfer and the reasons therefor are pleadings of fact which under the allegations above could have been introduced as proof under the plea that the Commissioner had illegally and erroneously included same as part of her inheritance. There is no necessity of alleging all the facts. We conclude that the pleadings meet the test of sufficiency.

We next concern ourselves with the question of the proof. Beginning in 1905 the donor and his wife, Annie Switow, began to pioneer in the field of motion pictures. The original investment in the movie business was made out of jointly owned funds. Apparently they worked side by side throughout this entire enterprise. They were successful in this field and the business grew and more theatres were acquired. In 1929 the decedent suffered a paralytic stroke, as a result of which he was unable to use his right hand or to walk without assistance. This partial helpless condition continued, but the proof shows that at all times he was mentally alert and continued the conducting of his business. On April 27, 1938, which was nine years after the paralytic stroke, he transferred to his wife, appellee here, the 400 shares of Switow Theatrical Company preferred stock involved herein. On October 19, 1940, about two years and six months after the transfer, he died.

Thus, we see that two of the factors mentioned in the cases cited above, namely, age and condition of health, must be considered in determining whether the statute of presumption is overcome. The evidence shows that even though the donor did everything possible toward recovery, yet he continued actively in his business and was under the apparent belief that he would ultimately recover. True, we have said that it is not necessary that the donor believe that death is imminent in order for the gift to be within the taxing statute, but the fact that he did not consider himself in danger of immediate death goes to the sufficiency of the proof to overcome the statutory presumption. The very fact that this paralytic condition had lasted for nine years is highly persuasive that he was not im-

pressed with the idea that death was imminent. His age was somewhere around 72 or 74 at the time the transfer was made as best we can glean from the evidence, but that age is not sufficient to conclude that he should be impressed with the idea of imminent death.

The size of the gift also must be considered in determining the question of motive. Here was stock transferred which was worth $30,000. This, though sizable, would appear to be in conformity to the testimony that this husband and wife apparently treated all their activities as joint activities.

It must be borne in mind that Aileene Topp, who was connected with the business for a number of years as bookkeeper and who was yet working for the Switows in 1938 when the transfer was made, testified that the transfer of the 400 shares of stock was made, as she understood from conversations and statements of Mr. Switow, "because it was really part of his wife's."

There was testimony also by the son, who was active in the business with his father and mother, of the decedent's inability to transfer to his wife shares of stock prior to 1938 because of liens upon the stock pledged to borrow money for other theatre enterprises.

The testimony shows that Mr. and Mrs. Switow commenced their theatre business with joint funds and that it was developed by their joint efforts. The testimony further shows that, although he had a partially disabling paralytic stroke, he was optimistic and confident of recovery, and that he continued active in his business. His physician, Dr. David Cohen, testified that the decedent was a "very keen and able man up until a week or two before he died."

Partial disability by paralysis for almost twelve years prior to his death in itself cannot become the basis for successful contention that the stock was transferred in contemplation of death. As pointed out in brief of appellee, the whole nation is conversant with another figure in history paralyzed in 1921, who by grim determination to overcome this physical disability and obsessed with an optimism that he could and would, went on to the Presidency of the United States.

From the above it will be readily seen that there

is evidence to support the chancellor in his judgment. That being true, we will not disturb the judgment. Coffee v. Bushong, 230 Ky. 154, 18 S. W. 2d 973, and Fitzpatrick, Adm'r v. Citizens Bank and Trust Co., 231 Ky. 202, 21 S. W. 2d 254.

Lastly, appellants ask in their brief that should we decide that this was a transfer made not in contemplation of death and thus affirm the lower court, they want us to say that it is income. That question is not before us. Consequently, we cannot pass on it.

Wherefore, the judgment is affirmed.