**James E. LUCKETT et al., Appellants,**

**v.**

**Erin S. FINDLEY, Executrix of the Estate of Walter W. Findley, Appellee.**

Court of Appeals of Kentucky.

April 26, 1968.

Paul Shapiro, Frankfort, for appellants.

B. L. Shamburger, Louisville, for appellee.

CULLEN, Commissioner.

This appeal presents the question whether a transfer of funds in the sum of $60,675 by the decedent, Walter W. Findley, to his wife, Erin, was made in contemplation of death and taxable pursuant to KRS 140.010 and 140.020. The transfer was held by the Department of Revenue to be a gift made in contemplation of death. The executrix of the estate of Walter W. Findley then appealed to the Kentucky Tax Commission where an informal hearing was held on August 15, 1963. At the hearing the parties filed stipulation of certain facts and affida-

vits in support of their positions. Subsequently, the Kentucky Tax Commission affirmed the assessment of the Department of Revenue. The personal representative appealed to the Franklin Circuit Court pursuant to the statutory procedures provided by KRS 131.110(1) as it existed prior to 1964. The circuit court reversed the decision of the Kentucky Tax Commission and held that the gift was not made in contemplation of death and ordered a refund of the $3,634.32 which had been paid under protest. The taxing authorities by this appeal are challenging the ruling of the circuit court.

Walter W. Findley died testate on January 29, 1961, as the result of a malignancy. The record fails to reflect the age of the decedent at the time of his death. In March 1958 and within three years of the date of his death, he transferred to his wife $60,675. It appears that the decedent and his wife were the sole owners of the stock in the J. B. Shamburger Lumber Company which they had sold to Carl F. Brenner in March 1958 for $118,607.46, of which $108,323.58 represented the value of decedent's stock and $10,283.88 represented the value owned by Mrs. Findley. It was from his share of these proceeds that the decedent made the questioned gifts to his wife. The money transferred to Mrs. Findley was invested in various saving and loan associations and in shares of the Louisville Gas and Electric Company. The investments in the various associations were in the respective sums of $10,000 each. The decedent made similar investments in his own name at the same time he made the investments for his wife.

By affidavits presented for the appellee, it was shown that the decedent and his wife agreed to sell the stock of the lumber company in the spring of 1958 in order that the decedent could retire from active participation in business. The affidavits reflect that in May 1957 decedent was examined by Dr. John L. Wolford who diagnosed his condition as hypertension and peripheral vascular insufficiency. X rays taken then suggested the possibility of a kidney disorder. An operation was performed upon the left kidney by Dr. Wolford with capsule stripping. Dr. Wolford deposed that decedent's recovery from the operation was normal and complete and that he made annual physical examinations of the decedent subsequent to the operation and found him to be in excellent health and good spirits. No symptom of carcinoma was revealed as a result of these examinations. Shortly before Christmas 1960, the decedent vomited blood, and he was transferred to a hospital on that occasion. X ray and surgery followed, and the diagnosis of carcinoma was then established, but the decedent was not informed and did not know of the nature of his illness. He died following surgery on January 29, 1961.

Other affidavits in behalf of the appellee reflect that the decedent appeared to be in good health and good spirits at all times incident to the sale of the stock and subsequent to that transaction. The affidavit of decedent's widow stated in part:

"Affiant states that the decedent invested the funds into the building and loan associations in this affiant's name principally for the reason that each account is insured in the amount of $10,000.00, and further, this affiant and the decedent had always co-mingled and treated their individual funds as belonging to each other."

Two affidavits were filed in behalf of the appellants, but we ascribe no significance to them in reaching our decision.

The trial court rendered an opinion and judgment which was opened in the following manner:

"This controversy was submitted to the Kentucky Tax Commission (now Board of Tax Appeal) on affidavits and arguments of counsel; it might as well have been submitted on the toss of a coin or the drawing of straws, so far as the evidentiary value of the record is concerned."

It was the view of the trial judge that the "* * * purported findings of fact upon which the Commission's order is grounded is actually only a naked conclusion that the gift in question was made in contemplation of death. Review of the record discloses no fact or other probative evidence supportive of such a conclusion, * * *."

KRS 140.020(2) provides:

"Every transfer made within three years prior to the death of the grantor, vendor or donor of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, shall be construed prima facie to have been made in contemplation of death within the meaning of this chapter. If a transfer was made more than three years prior to the death of the decedent it shall be a question of fact, to be determined by the proper tribunal, whether the transfer was made in contemplation of death."

In Chase's Ex'x v. Commonwealth, 284 Ky. 471, 145 S.W.2d 58, it was pointed out:

"Under our statute a gift made within three years prior to the death of the donor is subject to the tax unless it is shown that it was not made in contemplation of death, and the burden of overcoming the presumption created by the statute is upon those who claim the estate." Id., 145 S. W.2d 60.

The principle announced in Chase has been recognized in Sellinger's Adm'r v. Reeves, 292 Ky. 114, 166 S.W.2d 54, and Commonwealth v. Switow, 307 Ky. 432, 211 S.W.2d 406. Thus, it appears that the statute itself raises a presumption that the gift was made in contemplation of death as it occurred less than three years before the death. The presumption is a rebuttable one, yet it will suffice to support the administrative finding unless the evidence presented in opposition to it is so convincing that the fact finder may not reasonably reject it. Lee v. Tucker, Ky., 365 S.W.2d 849. Our examination of the evidence adduced in behalf of the appellee convinces us that it does not possess that high degree of probative value which would destroy the rebuttable presumption created by KRS 140.020(2). Thus, the Tax Commission had a factual issue before it and resolved it against the appellee.

In this connection it is well to observe that the onus of demonstrating that a gift was made in contemplation of death was on the Commonwealth under the original inheritance tax statute as construed in Commonwealth v. Fenley, 189 Ky. 480, 225 S.W. 154. The result in the Fenley case was posited on the statute's failure to prescribe any time measurement relating to gifts in contemplation of death. In an effort to overcome the administrative problems inherent in the statute as construed in the Fenley case, the General Assembly adopted a statute creating a conclusive presumption that a gift made within three years of death was made in contemplation of death. That enactment was held to be unconstitutional in State Tax Commission v. Robinson's Ex'r, 234 Ky. 415, 28 S.W.2d 491. The present statute was then enacted in an effort to provide a practicable basis for meeting the recurring problems arising from gifts made shortly before death. The presumption created by the statute is a reasonable one as it is based upon (1) probability, (2) procedural convenience, (3) fairness in assigning the burden of adducing evidence to the party possessing superior means of access to the proof, and (4) the fostering of social or economic policy. Cf. McCormick on Evidence, Section 309, Page 641.

Since the finding of the Kentucky Tax Commission was supported by the statutory presumption which was not destroyed by the evidence in behalf of the appellee, it follows that the trial court erred in setting aside the order of the Commission which was supported by substantial evidence (the presumption). Middlekamp v. Willis, Ky., 267 S.W.2d 924; Board of Ed. of Ashland School Dist. v. Chattin, Ky., 376 S.W.2d 693 (overruled in part by

Osborne v. Bullitt County Bd. of Ed., Ky., 415 S.W.2d 607, 612). The appellee's evidence did not show convincingly any substantial "living" reason for making the transfer.

Appellee's reliance upon Kendall v. Beiling, 295 Ky. 782, 175 S.W.2d 489, as authority for the action of the circuit court is misplaced. The Kendall case specifically recognized that where no factual issues are involved and only questions of law are presented, the courts will intervene in administrative matters in proper circumstances even without statutory appeal procedure. Kandall furnishes no basis for the court's substituting its findings of fact for those of the administrative body.

The judgment is reversed with directions to enter a new judgment affirming the order of the Kentucky Tax Commission.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY, OSBORNE and PALMORE, JJ., concur.