**Hazel FINDLEY, Ind. and as Executrix of the Estate of Frank R. Findley, Deceased, Appellant,**

v.

**Robert S. CALVERT, Comptroller, Appellee.**

No. 7583.

Court of Civil Appeals of Texas, Beaumont.

April 25, 1974.

**394**

Dougal C. Pope, Houston, for appellant.

Fisher A. Tyler and Marietta M. Payne, Austin, for appellee.

KEITH, Justice.

This is an appeal from a take-nothing judgment entered in a suit to recover taxes paid under protest.

Appellant is the Independent Executrix of the Estate of Frank R. Findley, Deceased, who died on January 17, 1966, leaving a gross estate of $248,367.94. On July 24, 1964, less than two years before his death, he conveyed to his wife, by general warranty deed, his community interest in certain land in Harris County of an agreed value of $15,375. The deed was for "love and affection" and was not supported by any other valuable consideration. Appellant omitted this real property from the inheritance tax return. The Comptroller, not being satisfied, computed and determined the additional tax due on the gross estate with the real property being included therein.[1]

After the parties had followed the applicable provisions of Art. 1.032, Vernon's Ann.Texas St., 20A, Taxation-General, appellant paid the tax under protest with the ground thereof being stated in this language:

> "This estate and the Independent Executrix of the estate say that this real estate which was given by Frank R. Findley, deceased, to Mrs. Hazel Findley within two years of his death was not given in contemplation of death in that this real estate which is valued at $15,375.00 was not a material part of the Estate of Frank R. Findley, Deceased."

The trial court, sitting without a jury, entered judgment for the State and found that the gift of the land was a material part of his estate made in contemplation of death and in the nature of a final distribution of his estate. Although appellant has presented two points of error, the thrust of the appeal is that the gift of the real estate, amounting to six percent of the net estate, was not of a *material part* of decedent's estate. We disagree and affirm the judgment of the trial court for the reasons now to be stated.

At the time of decedent's death on January 17, 1966, Art. 14.01 (V.A.T.S., Vol. 20A) levied an inheritance tax on transfers in contemplation of death in the following language:

> "Any transfer made by a grantor, vendor, or donor, whether by deed, grant, sale, or gift, shall, unless shown to the contrary, be deemed to have been made in contemplation of death and subject to the same tax as herein provided, if such transfer is made within two (2) years prior to the death of the grantor, vendor, or donor, of a material part of his estate, or if the transfer made within such

---

1. On the same day that the deed was executed and delivered, the decedent made further gifts to his wife and son by executing irrevocable transfers of his community interest in certain life insurance policies on his own life. No consideration was paid for these assignments. We do not consider this fact in reaching our decision. No tax was claimed by the Comptroller on any portion of the insurance policies because the total proceeds thereof did not exceed the exemption of $40,000 afforded by Art. 14.01, V.A.T.S., 20A, Taxation-General.

period is in the nature of a final distribution of property and without adequate valuable consideration." [2]

■ We are in agreement with the Attorney General when it is suggested that our 1939 contemplation of death provision [3] was lifted from and found its source in the federal statutes on the subject [Acts of Feb. 26, 1926, c. 27, § 302(c), 44 Stat. 70; Mar. 3, 1931, c. 454, 46 Stat. 1516; June 6, 1932, c. 209, § 803(a), 47 Stat. 279] which now appear in 26 U.S.C.A., § 2035. Having accepted this major premise, we move to the holding of our Supreme Court in Blackmon v. Hansen, 140 Tex. 536, 169 S. W.2d 962, 964 (1943), that where a statute is adopted from another jurisdiction, the construction made by the courts of that jurisdiction prior to the adoption may be looked to in its construction and given great weight.

■ Under this rationale, we reach the landmark decision of United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867 (1930), wherein the United States Supreme Court first discussed at length the federal contemplation of death provision. Although death need not be imminent, it is the thought of death, as distinguished from purposes associated with life, which must be the impelling cause of the transfer.

■ Appellant has based her case on the erroneous assumption that a transfer is not taxable even though made in contemplation of death unless the transfer is of a material part of the estate. Thus we also agree with the conclusion of the Attorney General: "Materiality is a factor which causes the presumption of taxability to arise. It is not, per se, definitive of the state of mind of the donor, nor the sine qua non of taxability."

Although no Texas court has passed upon the specific question herein considered, courts of other states have done so under statutes similar to ours taken, no doubt, from the earlier federal laws. In re Stephenson's Estate, 171 Wis. 452, 177 N. W. 579, 582 (1920), a gift of $23,000 was held to be a material part of an estate of more than $2,791,675. Holding that the question of whether the gift was material presented a judicial question, the Court continued, saying: "Now a large sum of money is a material part of any estate, no matter how large, because it is a matter of substance—a matter that is not immaterial."

In construing a similar statute, the Court of Appeals of Kentucky in Chase's Ex'x v. Commonwealth, 284 Ky. 471, 145 S.W. 2d 58 (1940), cited both *Wells* and *Stephenson*, supra, and concluded that gifts of $40,000 by a donor whose estate amounted to $649,000 was a material part thereof and made in contemplation of death within the meaning of the statute. Holding that the question was one for judicial determination, the imposition of the tax upon the gifts was upheld.

We turn now to a consideration of appellant's subsidiary contention, that we should interpret the statute by changing the word "or" to "and" in the final sentence of the statute. Again, we disagree.

Unless otherwise exempt, transfers within two years prior to death are presumed to be subject to inheritance taxes if such transfers are a material part of the estate *"or* if the transfer made within such period is in the nature of a final distribution of property and without adequate valuable consideration." It is difficult to conceive a more explicit disjunctive provision or language more clearly expressing the legislative intent.

■ Ordinarily, the words "or" and "and" are in no sense interchangeable terms; but, if absolutely necessary in or-

2. Acts 1959, 56th Leg., 3rd C.S., p. 187, Ch. 1. This provision was amended by Acts 1971, 62nd Leg., p. 2943, Ch. 974, Sec. 1, eff. Aug. 30, 1971, so as to change the rebuttable presumption period from two to three years. No other change was made in this portion of the statute presently carried as Art. 14.01(B).

3. Acts 1939, 46th Leg., p. 646, Ch. 13, § 1.

der to effectuate the intention of the legislature, grantor, or testator, such can be done. But this construction should never be resorted to except for strong and compelling reasons. See Board of Insurance Commissioners of Texas v. Guardian Life Ins. Co., 142 Tex. 630, 180 S.W.2d 906, 908 (1944).

We find no such compelling reason here. As stated in Eddins-Walcher Butane Company v. Calvert, 156 Tex. 587, 298 S. W.2d 93, 96 (1957):

"Every word of a statute is presumed to have been used for a purpose, and a cardinal rule of statutory construction requires that each sentence, clause, phrase and *word* be given effect if reasonably possible." (emphasis added)

Clearly, the Legislature intended to use the disjunctive "or" in the statute, and we are not at liberty to change it. The statute being clear, it must be given effect as written. State v. Shoppers World, Inc., 380 S.W.2d 107, 110 (Tex.1964).

Finding no merit to the contentions advanced by appellant, the judgment of the trial court is in all things

Affirmed.